18h 135
L-ed 290
21h 88
21h 226
1wa604
9wa429
9wa431
12wa281
91 614
112 606
6f 660
8f 372
19f 338
141 555

ALBERT H. GUILD AND JOHN F. LIGHTNER, PARTNERS IN TRADE, UNDER THE FIRM OF GUILD AND LIGHTNER, AND HENRY HUGG AND ROBERT G. HANNA, PARTNERS IN TRADE, UNDER THE STYLE AND FIRM OF HENRY HUGG AND CO., PLAINTIFFS IN ERROR, *v.* JOSEPH FRONTIN.

Where a trial by jury is waived in the court below, and there is no special verdict or agreed statement of facts or bill of exception upon a point of law, this court cannot review the judgment of the court below.

But having jurisdiction of the cause, and no error appearing upon the face of the record, the judgment will be affirmed.

THIS case was brought up by writ of error from the district court of the United States for the northern district of California. The point of practice involved in it, is stated in the opinion of the court.

It was argued by *Mr. Blair*, for the plaintiffs in error, and submitted on a printed brief by *Mr. Cutting*, for the defendant.

Mr. Justice GRIER delivered the opinion of the court.

The record and proceedings in this case are in conformity with the practice of the state courts of California. It was tried without the intervention of a jury, and the testimony, together with the opinion of the court, filed of record. But there is no special verdict, or agreed statement of facts, on which the judgment was rendered; nor is there any bill of exceptions, sealed by the court, to their decision on any question of law. We are, in fact, called upon to review the case on the pleadings, exhibits, and testimony, as if it were a bill in chancery. Our very frequent decisions on this subject seem not to have come to the knowledge of the bar in the court below. Parties may, by consent, waive the trial of issues of fact by a jury, and submit the trial of both facts and law to the court. It will not be a mistrial. But if they wish the judgment of the court to be reviewed on a writ of error, a special verdict or agreed statement of facts must be put on record. The issues of fact must be ascertained, and made certain, before a court of error can review the decision of an inferior court. If the verdict do not find all the issues, or the agreed statement in the nature of a special verdict be imperfect or incomplete, this court may order a *venire de novo*, because of the mistrial, as in the case of Graham *v.* Bayne, *ante*, p. 60, at this term. But having jurisdiction of the cause, and no error appearing on the face of the record, the judgment of the court below must be affirmed.

The case of Prentice *v.* Zane, 8 How. 470, is directly in point on this subject.