Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This is a writ of error to the Circuit Court of the United States for the northern district of Illinois.
 

 . An action of ejectment was brought by the defendants in error against the plaintiff, for a certain parcel of land described in the declaration, and upon the trial the verdict and judgment were for the plaintiff; a motion was afterwards made to .set, aside the judgment and for a new trial,'and' the judgment was accordingly set aside, and a new trial granted upon the terms mentioned in the transcript.- In the proceedings upon this new trial, the parties agreed to waive a trial by jury, and that both matters of law and of fact should be submitted to the decision, of the court. The case was proceeded in according to this agreement, and the court, as the record states, found the issué in favor of the plaintiff, (Forsyth,) and entered judgment accordingly; and to this decision, and to all the rulings and decisions of the court in the previous stageaof the cause, the defendants (Kelsey and Hotchkiss) excepted, and sued out a,. . writ of error to bring the case before this court.
 

 It will be seen from this statement that in-a common-law
 
 *88
 
 action of ejectment the case was submitted to tbe court upon the evidence, without tbe intervention of a jury, leaving it to thd court to decide the* fact, as well as tbe law; upon tbe evidence and admissions before it.. Tbe case, therefore, is the same in principle with that of Guild and others
 
 v.
 
 Frontin, 18 How., 135. And the doctrine in that case was reaffirmed in Suydam
 
 v.
 
 Williamson, 20 How., 428, and tbe .grounds upon which it résts fully set forth. It is unnecessary to repeat here what was stated in these two decisions. It is sufficient to say that the agreement of parties nannot authorize this court to revise a judgment of an inferior court in any other mode of proceeding than that which the law prescribes, nor can the laws,of a State, regulating the. proceedings of its own courts, authorize a district or Circuit- Court sitting in- the State to depart from the modes of proceeding and rules prescribed by the acts of Congress. '
 

 The judgment of the Circuit Court must therefore be af-< firmed.