Mr. Chief Justice TANEY
 

 delivered the opinion of the court.
 

 This is an action of ejectment (although the pleadings, are not in the form' prescribed by the common law) to recover a tract of land called
 
 San Leandro,
 
 situated in California. It was brought in the Circuit Court of the United States for that district. The- parties agreed to waive a trial of the facts by a jury, and that the facts as well as the law should be. decided by the court, upon the evidence adduced by the parties.
 

 In pursuance of this agreement, evidence was offered on. both sides ; and the court proceeded to decide the facts in dispute, and-then proceeded to decide the questions of law arising on the facts so’ found by the court; and finally gave judgment against the plaintiffs in error, who were defendants in the court below. And this writ of error is brought to revise that ’ judgment.
 

 It appeals by the transcript that several exceptions to the opinion of the court were taken at the trial by the plaintiffs in error — some to the admissibility of evidence, and others to the construction and legal effect which the court gave to certain instruments of writing. But it is unnecessary to state them particularly; for it has been repeatedly decided by this court, that, in the mode of proceeding which the parties have seen propet to adopt,'none of the questions, whether of fact or of law, decided by the court below, can be re-examined and revised in this court upon a writ of error.
 

 It will be sufficient,, in order to show the grounds upon which
 
 *226
 
 this doctrine has been maintained, and how firmly it has been settled in this court, to refer to two or three recent cases, without enumerating the various decisions previously made, which maintain the same principles. The point was directly decided in Gould and others
 
 v.
 
 Frontin, 18 How., 135; which, like the present, was a case from California, where a court of the United States had adopted the same mode of proceeding with that followed in the present instance. And the decision in that case was again reaffirmed in the case of Suydam
 
 v.
 
 Williamson and others, 20 How., 432; and again in the case of Kelsey and others
 
 v.
 
 Forsyth, decided at the present term.
 

 Indeed, under the acts of Congress establishing and organizing the courts of the United States, it is clear that the decision could not be otherwise ; for, so far as questions of law are concerned, they are regulated in their modes of proceeding according to the rules and principles of the common law, with the-single exception of the courts in the State of Louisiana, of which we shall presently speak.. And by the established and familiar rules and principles which govern common-law proceedings, no question of the law can be reviewed and re-examined in an appellate court upon writ of error, (except only where it arises upon the process, pleadings, or judgment, in the cause,) unless the facts are found by a jury, by a general or special verdict, or are admitted by the parties, upon a case Btated in the nature of a special verdict stating the facts, and referring the questions of law to the court.
 

 The finding of issues in fact by the court upon the evidence is altogether unknown to a- common-law court,- and cannot be recognised as- a judicial act. Such questions are exclusively, within the province of the jury; and if, by agreement of párties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court, therefore,,cannot regard thé facts so found as judicially determined in the court below,' nor examine the questions of law, as if those facts had been conclusively determined by a jury or-settled by the admission of the parties. Nor can any exception be taken to an opinion, of the
 
 *227
 
 court upon the admission or rejection of testimony, or upon any other question of law which may grow out of the evidence, unless a jury was actually impanelled, and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon, which question's of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open tó oúr revision as an appellate tribunal. • Consequently, as the Circuit Court had jurisdiction of the subject-matter and the parties, and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed.
 

 The cases referred to in the argument, which were brought up by writs of error to a Circuit Court of Louisiana, do not apply to this case. The act of Congress of Muy 26, 1824, (4 Stat., 62,) adopted the practice of the State courts in the courts of the United States.' And a writ of error to a Circuit Court of that State, therefore, is governed by different principles from, a like writ to the Circuit Court of any other State. And as, by the laws of Louisiana, the facts, by consent .of parties, may be tried and found by the court without the intervention of a jury,- this court is bound, upon a writ of error, to regard them as judicially determined, and treat them; as if they had been found by the .special verdict; and the questions of law which arise on them are consequently open to the revision of" this eour-t. ‘
 

 But the practice in relation to the decisions in that State is añ exception to the general rules and principles which regulate the proceedings of the courts of the United, States; nor can the laws or the practice of any o‘ther State authorize a proceeding.in the courts of the United States different from that which was' established by the acts of 1789 and 1808, and the subsequent laws carrying out the same principles and modes of proceeding.
 

 Upon the grounds above stated, the judgment in this case
 
 *228
 
 must be affirmed. But it must at tbe same time be understood that this court express no opinion as to tbe facts or tbe law as decided by the Circuit Court, and that the whole case is open to re-examination and revision here, if the questions of fact or law should hereafter be brought legally before us, and in a shape that would enable this court to exercise its appellate jurisdiction.