# THE PEOPLE OF THE STATE OF NEW YORK *v.* HENRY CLEWS.

*Person indicted — by whom he may be let to bail.*

A person arrested on a warrant issued on an indictment found in any court of criminal jurisdiction may be let to bail under § 56 of 2 R. S., 728, by any justice of the Supreme Court of this State, provided it shall appear that the court having cognizance of the offense and jurisdiction to try the same is not sitting at the time the application for bail is made.

In the matter of *Gorsline* (21 How., 85 ; 10 Abb., 282), distinguished.

CERTIORARI to the Hon. CHARLES DONOHUE, one of the justices of the Supreme Court residing in the city of New York, to review proceedings and an order on *habeas corpus*, letting the defendant to bail.

*Elial F. Hall*, for the people.

*Abbott Bros.*, for Henry Clews.

DAVIS, P. J.:

The defendant Clews was indicted for an alleged felonious crime in the Court of Oyer and Terminer in and for the county of Chautauqua. The indictment by order of that court was sent to the Court of General Sessions in the county of Chautauqua and there remains for trial.

A warrant under the indictment for the arrest of the defendant was duly issued by the district-attorney of the county of Chautauqua, upon which warrant the defendant was arrested in the city of New York where he resides. He sued out a writ of *habeas corpus*, granted and returnable before Justice DONOHUE for the purpose of giving bail for his appearance to answer the indictment at the Court of Sessions in Chautauqua county.

On the hearing of the writ, it being made to appear that the Court of Sessions in Chautauqua county was not then in session, Justice DONOHUE held and decided that he had jurisdiction as a justice of the Supreme Court to let the defendant to bail, and an order was made accordingly and the defendant entered into a recognizance in the usual form with two sufficient sureties to appear at the next Court of General Sessions in Chautauqua county; which bail was approved by said justice, and thereupon he was discharged from arrest. The only question presented is whether Mr. Justice DONOHUE as one of the justices of this court had power under the facts above stated to let the defendant to bail.

It was held by Justice BONNEY in the Gorsline case, (21 How. 85, 10 Abb. 282), that a justice of the Supreme Court had not power on *habeas corpus* or otherwise to let a defendant to bail after his arrest on a bench warrant, but in that case as the facts

are stated, it did not appear that the County Court of Sessions was not then in session, nor was any allusion made to the section of the statute by which it is now claimed on behalf of the defendant that the power to let to bail in such case as the present is given by the Leglislature.

In *The People ex rel. Sichel* v. *Chapman* (30 How., 202), the case under consideration was one in which a prisoner had been arrested upon the warrant of a police magistrate for the purpose of an examination before indictment; and so also is the case of *Clark* v. *Cleveland* (6 Hill, 344.)

In *The People ex rel. Sichel* v. *Chapman*, Mr. Justice SMITH refers to Gorsline's case, and in respect to it makes this remark: " In deciding that case the learned justice probably overlooked section 56 of the statute (2 R. S. [1st ed.], 728), which gives power in certain cases to any justice of the Supreme Court to let to bail persons indicted."

Section 56 referred to by Mr. Justice SMITH is in these words: " In the cases where by law persons indicted may be let to bail for their appearance at the court having cognizance of the offense, they may be so let to bail by the court having jurisdiction to try the offense charged, or if such court be not sitting, by the chancellor, any justice of the Supreme Court, circuit judge or Supreme Court commissioner, and if the offense charged may be tried in the court of General Sessions, such persons may be let to bail by any judge of the county courts of the county where such indictment was found." (2 R. S., 728, § 56.)

It may be, as suggested by Mr. Justice SMITH, that Justice BONNEY wholly overlooked this section; or perhaps the case before him was one in which it appeared that the Court of Sessions was in actual session at the time, or that the relator in that case failed to show that that court was not in session, in either of which cases the jurisdiction of the judge to let to bail would not exist. We have carefully examined these several statutes and are of the opinion that the jurisdictional power of a justice of the Supreme Court, where the state of facts described in the statutes exists, is general and was properly exercised in the case before us. A person arrested on an indictment found in any court of criminal jurisdiction may be let to bail under section 56 of the Revised Statutes

above referred to, by any justice of the Supreme Court of the State, provided it shall appear that the court having cognizance of the offense and jurisdiction to try the same, is not sitting at the time the application for bail is made.   None of the authorities cited (except perhaps that of Gorsline's case, which is not necessarily so) are in conflict with this view of the authority and power of justices of the Supreme Court in such cases, and we see no reason to doubt that the intention of the legislature was to meet and provide for just such cases as that before us, where the indictment is found in a distant county and the court in which it may be tried is not in session, and the party indicted is arrested in another county, and appears for bail before a justice of this court.

The proceedings and order of Mr. Justice DONOHUE therefore should be affirmed.

BRADY and INGALLS, JJ., concurred.

Proceedings and order affirmed.