## WEAR v. MAYER.

*(Circuit Court, E. D. Missouri. September, 1880.)*

1. WRIT OF ERROR—NOTICE—REV. ST. § 4981.
    A writ of error will not be allowed from the circuit to the district court, in bankruptcy proceedings, unless the plaintiff in error shall have given the notice required by section 4981 of the Revised Statutes.

2. SAME—TRIAL WITHOUT JURY.
    A judgment cannot be reviewed in the circuit court upon a writ of error, when the cause, by consent of the parties, was tried before the judge of the district court without a jury.—[ED.

Writ of Error.

*W. L. Scott* and *D. W. Wear*, for plaintiff in error.

*W. B. Homer* and *L. B. Kellogg*, for defendant in error.

McCRARY, C. J. · This was an action at law in the district court, brought by Mayer, as assignee in bankruptcy of one Wellington Stewart, to recover the value of certain goods alleged to have been obtained by plaintiff in error from Stewart by way of fraudulent and illegal preference. A jury was waived, and by consent of parties the issues of fact were submitted to the court, the finding and judgment were for the assignee, and the cause has been brought into this court by writ of error. The bill of exceptions shows the findings of fact by the court in the nature of a special verdict, and also sets forth certain testimony, together with the court's ruling

thereon, and exceptions to the same. Counsel for the assignee moves to dismiss the writ of error, for the reason that this court has no jurisdiction of the case. In support of this motion it is insisted that the plaintiff in error should have given notice as required by section 4981 of the Revised Statutes of the United States. That section provides as follows: "No appeal shall be allowed in any case from the district to the circuit court unless it is claimed and notice given thereof to the clerk of the district court, to be entered with the record of the proceedings, and also to the assignee or creditor, as the case may be, or to the defeated party in equity, within 10 days after the entry of the decree or decision appealed from, nor unless the appellant, at the time of claiming the same, shall give bond in the manner required in cases of appeals in suits in equity; nor shall any writ of error be allowed unless the party claiming it shall comply with the provisions of law regulating the granting of such writs." In the case of *Ins. Co.* v. *Comstock,* 16 Wall. 266–7, the supreme court construes this section as follows: "Taken literally, the 10 days' limitation does not extend to writs of error, but the better opinion is, in view of the fact that writs of error and appeals are associated together in the first clause of the section, that the word 'appeal,' at the commencement of the second clause, means the same as 'review' or 'revision,' and that it was intended to include the writ of error as well as appeal, as the whole section seems to contemplate a more expeditious disposition of the cause in the appellate court than that described in the judiciary act, or the act to amend the judiciary system." Following this clear intimation of the supreme court, I should, even if there was no other question of jurisdiction presented by this record, feel constrained to sustain the motion to dismiss. But that motion is urged upon another ground, which I proceed to consider. It is insisted that the cause having been tried before the judge of the district court, sitting in place of a jury, by consent of both parties, the judgment cannot be reviewed in the circuit court upon a writ of error. The finding of an issue of fact by the court upon the evidence, either with or without the consent of parties, was a proceed-

ing altogether unknown in the common law; and it is well settled that, in the absence of a statute authorizing that mode of proceeding, no exception can be taken to any opinion of the court upon admission or rejection of testimony, or upon any other question of law which may grow out of the evidence where no jury is empanelled. *Campbell* v. *Boqreau,* 21 How. 226; *Blair* v. *Allen,* 3 Dillon, 101; *Kelsey* v. *Forsythe,* 21 How. 85; *Geld* v. *Frontir,* 18 How. 135; *Burr* v. *Des Moines, etc.,* 1 Wall. 99.

The doctrine of these cases is not disputed by counsel for plaintiff in error, and he admits that they are conclusive of the question, unless the provisions of section 914 of the Revised Statutes of the United States are applicable to and decisive of the controversy. That section provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceedings existing at the time in like causes in the courts of record of the state within which such circuit or district courts are held, any rule of court to the contrary notwithstanding." It is very clear that this section goes no further than to provide a general rule regulating practice and procedure in the federal courts, in the absence of any express congressional enactment upon the subject. It does not by implication repeal any previous act of congress expressly requiring a particular mode of proceeding in any given case or class of cases. Section 566 of the Revised Statutes (which, in my judgment, was not repealed by the later act embodied in section 914) provides that "the trial of issues of fact in the district courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, shall be by jury." Section 649 of the Revised Statutes provides that "issues of fact in civil cases in any circuit court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury." This provision, however,

cannot be extended to proceedings in the district court, but, on the contrary, leaves in full force the statute above cited, which requires that the trial of all issues of fact in that court (with certain enumerated exceptions not material to this question) shall be by jury. It follows, from these considerations, that a writ of error does not lie, in a case like the one under consideration, to re-examine and revise the action of the district court, and the writ is accordingly dismissed for want of jurisdiction.