## TOWN OF LYONS *v.* LYONS NAT. BANK.

*(Circuit Court, N. D. New York.   May 28, 1881.)*

1. DISTRICT COURT JUDGES—ISSUES OF FACT.

   Judges of the district courts of the United States are not acting in a judicial capacity when engaged in finding issues of fact.

2. SAME—QUESTIONS OF LAW—APPEALS.

   Questions of law, arising in such court upon facts so found, are not open to revision upon appeal.

3. LAWS OF NEW YORK, (1869,) c. 907, p. 2305, § 4, CONSTRUED.

   The provisions of chapter 907, § 4, of the Laws of New York of 1869, as to interest on certain bonds and the time of its payment, is directory only.

4. PRACTICE IN FEDERAL COURTS.

   The attorneys for the respective parties to a suit at law, brought in the district court of the United States, by a written stipulation waived a jury trial, and agreed that the court should hear the action "without a jury." The action was tried; a written decision was filed, finding certain facts and certain conclusions of law thereon, and a judgment entered. The cause was afterwards taken to the circuit court on a writ of error. *Held*, that the rulings on findings of fact, and the conclusions of law connected therewith, were not open to revision, as facts so found were found in a way unknown to the common law, nor yet provided by statute.

*C. H. Roys*, for plaintiff in error.

*W. F. Cogswell*, for defendant in error.

BLATCHFORD, C. J.   This is a writ of error to the district court. The record discloses a suit at law, brought in the district court by the Lyons National Bank, a banking institution, incorporated under the authority of the United States, against the town of Lyons, to recover $3,675, with interest, as the amount of certain coupons which became due in April, 1874, October, 1874, and April, 1875, on 35 bonds of $1,000 each, bearing interest at the rate of 7 per cent. per annum, payable semi-annually, purporting to have been issued by the town of Lyons in aid of the Sodus Bay, Corning & New York Railroad Company. The defendant put in an answer to the complaint, setting up various defences. The attorneys for the parties then signed a written stipulation that a trial by jury in the action be waived, and that the action be "heard" by the district judge at his chambers, at a day and place specified in the stipulation, "without a jury." The action was brought to trial before the district judge without a jury, and on the sixteenth of July, 1879, he filed in the court a written decision, finding certain facts and certain conclusions of law thereupon, concluding with one that the plaintiff is entitled to judgment for $4.814.03, with costs. On the same day a judgment in

v.8,no.6 – 24

writing was entered in the action, reciting that the action had been brought to a trial by the court, a trial by jury having been duly waived, and a decision having been rendered for the plaintiff and filed, and adjudging that the plaintiff recover of the defendant $4,814.03, with $192.63 costs; in all, $5,006.66. It appears from the record that the interest included in the $4,814.03 was computed only up to March 5, 1879, and that in the $192.63 costs is included $116.09 interest from March 5, 1879, which appears to have been the day of the trial. There is in the record a bill of exceptions, but there does not appear to be any assignment of errors in the district court or in this court. The bill of exceptions discloses exceptions by the defendant to decisions of the court at the trial overruling objections taken by the defendant to the admission of evidence offered by the plaintiff, and exceptions by the defendant to refusals of the court, after the evidence on both sides was closed, to rule and decide in accordance with propositions made to the court by the defendant, and exceptions by the defendant to rulings and decisions by the court after the evidence on both sides was closed, and exceptions by the defendant to certain of the said findings of fact made by the court, and exceptions by the defendant to all of the said conclusions of law found by the court.

The plaintiff in error seeks to raise on the writ of error, by the bill of exceptions, questions as to the sufficiency of the proceedings to bind the town, as to the validity of the bonds, as to the power of the bank to purchase the coupons sued on, as to the operation and effect of a written agreement under which the bonds passed from the town commissioners, as to the portion of the bank as a *bona fide* holder of the coupons, as to the *status* of the town as having returned the stock taken in exchange for the bonds, and generally as to the liability of the town on the bonds and coupons. None of these questions are so presented as to be the subject of consideration and revision by this court on the bill of exceptions, and the judgment below must, for the reasons herein often stated, be affirmed, without considering any of the above questions, except so far as they are raised by the demurrer hereafter mentioned.

It is provided, by section 566 of the Revised Statutes, that—

"The trial of issues of fact in the district courts in all causes, except cases in equity, and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury."

There is no statutory provision in respect to district courts for the waiver of a trial by jury. There was such a provision in respect to circuit courts, in section 649 of the Revised Statutes, as follows:

"Issues of fact in civil cases, in any circuit court, may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

It was also provided as follows by section 648 of the Revised Statutes:

" The trial of issues of fact in the circuit court shall be by jury, except in cases of equity, and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section."

To carry out the provision of section 649 it was provided as follows by section 700:

"When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section 649, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the supreme court upon a writ of error or upon appeal; and, when the finding is special, the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Subsequent to these provisions in regard to circuit courts the act of March 3, 1875, (18 St. at Large, 470,) was passed, in section 3 of which it is enacted that "the trial of issues of fact in the circuit court shall, in all suits except those of equity, and of admiralty and maritime jurisdiction, be by jury." Whether this provision relates only to such suits at law as are mentioned in section 3—that is, suits at law removed from a state court—or whether it relates to all suits at law, and, if the latter, whether it supersedes the prior provisions of the Revised Statutes above cited in regard to trying suits in the cir-cuit court without a jury, and in regard to a review by the supreme court in such suits, are questions not presented for decision in this case. But it is to be observed that when authority was given to the circuit court to try an issue of fact without a jury, and to find the facts, it was considered necessary to make special provision for a review by the supreme court, by a writ of error, on a bill of exceptions, of the rulings of the trial court in the progress of the trial. These provisions were first enacted together in section 4 of the act of March 3, 1865, (13 St. at Large, 501) and are those now embodied in section 649 and section 700 of the Revised Statutes. Such provisions are in addition to others which give to the supreme court general jurisdiction on a writ of error to re-examine judgments of a circuit court in civil actions at law. There are no such provisions of statute in regard to trials by the court without a jury in

district courts, or in regard to a review of the rulings of the court in the progress of such trials, as are found in section 649 and section 700, in respect to circuit courts. It is true that in the district court, in a suit otherwise triable by a jury, the parties may, by stipulation, waive a jury and agree on a statement of facts, and submit the case to the court thereon for its decision as to the law therein. *Henderson's Distilled Spirits*, 14 Wall. 44, 53. This they may do in the circuit court also, without any statute to that effect. *Campbell* v. *Bayreau*, 21 How. 223, 226. But this is not the finding of issues of fact by the court upon the evidence. The provisions of section 649 and section 700 relate wholly to such finding, and not at all to the action of the court on an agreed statement of facts; and the same is true of section 566. An appellate court can, under a general authority given to it to review, on a writ of error, the judgment of an inferior court, review the conclusions of law of that court made on an agreed statement of facts submitted to that court. *Campbell* v. *Bayreau, ut supra.* But, in the absence of any special statutory power conferred upon it to do so, this court cannot, under such authority as is given to it by section 633 of the Revised Statutes, consider any of the matters raised by the bill of exceptions in this case. The authority given to this court by section 633 is merely to re-examine the final judgments of the district court in civil actions. It is the same authority which was given to the supreme court in respect to judgments of the circuit court before the act of March 3, 1865, was passed. The extent of that authority is well settled.

In *Campbell* v. *Bayreau, ut supra,* in 1858, which was a suit at law in a circuit court, the whole case was, upon the trial, submitted to the court, a jury being expressly waived by agreement of parties. Evidence was offered on both sides. The court decided the facts, and then decided the questions of law arising on the facts so found, and gave judgment for the plaintiffs. The defendant sued out a writ of error fron the supreme court. There were in the record bills of exceptions which showed exceptions by the defendants to the admissibility of evidence, and exceptions to the construction and legal effect which the court gave to certain instruments in writing. But the supreme court held that, in the mode of proceeding which the parties had seen proper to adopt, none of the questions, whether of fact or of law, decided by the court below could be re-examined by the supreme court on a writ of error. The court cites, to that effect, *Guild* v. *Frontin,* 18 How. 135; *Suydam* v. *Williamson,* 20 How. 432; *Kelsey* v. *Forsyth,* 21 How. 85. It says:

" The finding of issues of fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. Such questions are exclusively within the province of the jury, and if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court cannot, therefore, regard the facts so found as judicially determined in the court below, nor examine the questions of law as if those facts had been conclusively determined by a jury, or settled by the admission of the parties. Nor can any exception be taken to an opinion of the court upon the admission or rejection of testimony, or upon any other question of law which may grow out of the evidence, unless a jury was actually empanelled and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And, as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal. Consequently, as the circuit court had jurisdiction of the subject-matter and the parties, and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed."

This decision has been followed and applied in subsequent cases.

In *U. S.* v. *15 Hogsheads* (5 Blatchf. 106) Mr. Justice Nelson says that where in the district court the court is, by agreement of parties, made the judge of both the fact and the law, there can be no bill of exceptions.

In *Blair* v. *Allen*, 3 Dill. 101, there was a trial by the district court, in a suit at law, on a stipulation waiving a jury and consenting to a trial by the court. There was a finding of facts by the district court and rulings thereon. On a writ of error the circuit court held that, as the facts were controverted below, and as there was nothing equivalent to an agreed statement of facts for the opinion of the district court as to the law arising thereon, it followed that no error of law committed by the district court appeared of record, and the judgment must be affirmed.

In *Wear* v. *Mayer*, 6 FED. REP. 658, in an action at law in the district court, a jury was waived, and, by consent of parties, the issues of fact were submitted to the court. The bill of exceptions showed a finding of facts by the court in the nature of a special verdict, and there were exceptions to rulings of the court; but the circuit court, on a writ of error, held that it could not consider any exception taken below.

The question involved is one of the power and authority of the court, and is not such a question of practice or such a form or mode

of proceeding as is embraced in section 914 of the Revised Statutes, which adopts for the circuit and district courts of the United States, in suits at law, the practice of the state courts. There is nothing in section 914 which extends or affects the power of this court, as it before existed, on a writ of error to the district court. *Wear* v. *Mayer, ut supra.*

The above views do not interfere with the right to have a trial by a referee in a suit at law, by consent, in the district court, or with the power of the circuit court, on a writ of error, to revise the proceedings on the trial before the referee on proper papers. This was done by this court in *Sicard* v. *The Buffalo, etc., R. Co.* 15 Blatchf. 525, and in *Tyler* v. *Angevine,* Id. 536. This practice is founded on the view, held by the supreme court, that the referring of actions under a rule of court, by consent of parties, was well known at common law, and as well established and as fully warranted by law as actual trial by jury, (*Alexandria Canal Co.* v. *Swan,* 5 How. 89; *York, etc., R. Co.* v. *Myers,* 18 How. 246; *Heckers* v. *Fowler,* 2 Wall. 123; *Robinson* v. *Mut. Benefit Life Ins. Co.* 16 Blatchf. 194, 201;) whereas, the finding of issues of fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. *Campbell* v. *Bayreau, ut supra.* The record shows that before the answer was put in a demurrer to the complaint was interposed by the defendant, and that there was a joinder in demurrer filed by the plaintiff, and that the issue of law thus joined was heard by the court, and the demurrer was overruled, with costs, and the defendant was allowed to answer. The questions arising on the demurrer are open to review on this writ of error. The demurrer assigns, as causes of demurrer, the following:

(1) That the complaint does not show that there was any process, writ, or summons of any court whereon to found it, or that any writ, process, or summons has been filed in any court, or served on the defendants. (2) That it appears on the face of the complaint that each coupon did not become due and payable semi-annually after May 7, 1872, the date of the creation and issuing of the bonds to which the coupons were annexed, as required by chapter 907 of the laws of New York of 1869, and the amendments thereto, under which the bonds appear on their face to have been issued, but that said coupons were made to become due and payable on the first days of April and October, in each year, which are days not semi-annually from and after the date and issuing of said bonds, and that, therefore, said bonds are void. (3) That it appears on the face of the complaint that the plaintiff has no legal capacity to maintain the suit, because it is not authorized to become the purchaser or transferee of the coupons sued on, by the act of June 3, 1864, under which, as stated in the complaint, it was organized; and that it does not appear from

the complaint that the plaintiff purchased or obtained said coupons before they became due, or acquired them by discounting the same, or by discounting and negotiating the same, or in any of the ways or under any of the provisions prescribed in said act as the only manner or authority for it to deal in or become the owner of said coupons, or to be entitled to sue thereon.

1. The complaint shows the jurisdiction of the court over the subject-matter of the action, by showing that the plaintiff is a banking association organized under the act of June 3, 1864, and located and doing business at Lyons, in the northern district of New York. Jurisdiction is given by section 563 of the Revised Statutes to the district court held for the district within which the association is established of all suits by it. The complaint shows that the defendant is a corporation organized under the law of New York, and that it is in said district. It is not necessary that the complaint should allege the issuing, filing, or service of any writ, process, or summons. The defendant appeared generally by interposing a demurrer, and thus jurisdiction of it personally was obtained. Its remedy for any want of process or of its service was by a special motion before appearance, or demurrer.

2. The act of the legislature of New York of May, 1869, (Laws 1869, *c.* 907, p. 2305, § 4,) provides that the bonds—

" Shall become due and payable at the expiration of 30 years from their date, and shall bear interest at the rate of 7 per cent. per annum, payable semi-annually, and that the bonds shall bear interest warrants corresponding in number and amounts with the several payments of interest to become due thereon."

The complaint sets forth one of the bonds. It bears date May 17, 1872, and is made payable "on the first day of April, in the year 1892, with interest from the seventeenth day of May, 1872, at the rate of 7 per cent. per annum, payable semi-annually on the first days of April and October of each year, on the presentation and delivery of the proper interest warrants." The complaint alleges that the bonds were executed "on or about" the seventeenth day of May, 1872, with the coupons sued on annexed to them, and that the said coupons were for a valuable consideration transferred to the plaintiff, who is now the holder and owner thereof. The point made in the cause of demurrer assigned is that the first day fixed for the payment of interest, October 1, 1872, is not a day six months from May 17, 1872, and that as each day assigned thereafter is six months in succession from October 1, 1872, the interest is not made payable semi-annually from the date of the bond. But the complaint does not show what interest

warrants were annexed to the bonds, or that there were any issued payable at an earlier date than April 1, 1874, which is the first date at which any coupons sued on were due. It could be no objection that the first coupon due became due more than six months from the date of the bond, and there is nothing in the complaint to show that it did not. Independently of this, the provision of the statute as to the interest was directory, and not of the essence of the power.

In *Rock Creek* v. *Strong*, 96 U. S. 277, the statute authorized bonds payable not more than 30 years from date. Bonds were issued payable 30 years and 35 days from date. The court held that this provision was directory.

3. It is provided by subdivision 7 of section 5136 of the Revised Statutes, re-enacting section 8 of the act of June 3, 1864, (13 St. at Large, 101,) that every banking association shall have power to exercise—

"All such incidental powers as shall be necessary to carry on the business of banking, by discounting and negotiating promissory notes, drafts, bills of exchange, and other evidences of debt, by receiving deposits, by buying and selling exchange, coin, and bullion, by loaning money on personal security."

The coupons appear by the complaint to be payable to bearer. They were, therefore, negotiable promissory notes, and there being nothing in the complaint to show that they were taken by the bank in a manner or at a time not authorized by law, it must, on a demurrer to the complaint, and under the averment in the complaint that the coupons were transferred to the bank for a valuable consideration, and that it is the holder and owner of them, be held that it acquired them in accordance with the statute, by discounting them, or by loaning money on them as personal security, they being personal security. But, aside from this, even if the court could say from the statute and the complaint that the bank was prohibited from becoming the transferee and owner of the coupons, the objection is one which cannot be raised by the party sued on the coupons, but is one which can be urged only by the government. *Nat. Bank* v. *Matthews*, 98 U. S. 621; *Bank of Genesee* v. *Whitney*, 2 Morr. Trans. 399.

As the court below had jurisdiction of the subject-matter and the parties in the suit, and as no error is disclosed in the pleadings or judgment, and as nothing found in the bill of exceptions can be considered, the judgment, being a proper judgment in form, on proper pleadings, must be presumed to be right, and on that ground must be affirmed, with costs, without re-examining any questions of law or

fact sought to be raised by the bill of exceptions, except so far as any of such questions were presented by the demurrer.

The same decision is made in the case of *Town of Lyons*, plaintiff in error, against the *Albany City National Bank*, defendant in error.