JACKSON, Claimant, etc., *v.* UNITED STATES.

*(Circuit Court, S. D. New York. July 28, 1884.)*

1. INTERNAL REVENUE LAWS—IMPROPERLY STAMPED CIGARS—PRESUMPTION.
   In case of a seizure of cigars alleged to be in boxes other than such as should have contained them according to the revenue laws, the natural and reasonable inference is that the cigars were removed from the factory in the condition in which they were found.
2. SAME—BURDEN OF PROOF—TRIFLING POINTS.
   In prosecutions under the internal revenue laws it is incumbent upon the government to show affirmatively the existence of every fact which is an element of the act made penal. This rule, however, does not require every conjecture which may be started by the fertility of counsel to be overthrown; it suffices, if, upon the evidence in the case, the existence of the facts can be legitimately presumed.
3. SAME—ANTAGONISTIC PRESUMPTIONS OF INNOCENCE.
   A defense being that in case of a seizure of cigars in boxes alleged to be not properly stamped, the presumption of defendant's innocence makes it incumbent on the government's counsel to show that the cigars were not taken out of the original and properly stamped boxes and put into those in which they were when seized, *held,* that such an act could not have been done without violating some of the several stringent provisions of the internal revenue laws, and subjecting the offender to criminal punishment. The presumptions in favor of innocence, therefore, neutralize each other.

On Writ of Error.

*A. J. Dittenhoefer,* for claimant.

*Elihu Root,* U. S. Atty., for the United States.

WALLACE, J. The writ of error brings up for review a judgment of the district court for the Southern district of New York condemning as forfeited to the United States certain cigars which the injunction alleges were "manufactured in some manufactory, United States internal revenue collection district and state, to the attorney for the United States unknown, and were removed from said manufactory or place where the cigars were made without stamping, burning, or impressing into each box, in a legible and durable manner, the number * * * of the manufactory, and the number of the district and the state."

Section 16 of the act of March 1, 1879, declares that whenever any cigars are removed from any manufactory or place where cigars are made without thus stamping into each box the number of the manufactory, and the number of the district and state, they shall be forfeited.

The evidence showed that the boxes here were stamped with the words "Factory No. 120, Dist. Florida," but that although there was such a factory at Key West, Florida, the cigars in suit were never manufactured at that manufactory. A label upon the boxes indicated that the cigars were made at Key West, in factory No. 120, September 4, 1882. If these cigars were made in and removed from any other manufactory in the United States, it is clear they were not stamped with the number of the proper manufactory, and the case is

directly within the statute, as they were not stamped with the number of the manufactory from which they were removed, at the time they were removed or at any other time.

The plaintiff in error contends that it was incumbent upon the government to show affirmatively that when the cigars were removed from the factory in which they were made they were not in boxes properly stamped, and that proof of their being found in the boxes seized does not establish the fact that they were in them when removed from the factory, and that it is to be presumed in favor of innocence that they were taken out of the original and properly stamped boxes and put in those where they were when seized. The exceptions to the findings of the court below raise this point, and it is the only point made by the exceptions which has any color of merit. The cigars could not have been removed from the original and properly stamped boxes and packed in those in which they were seized without violating some of the several stringent provisions of the internal revenue laws, and subjecting the offender to criminal punishment. The presumptions in favor of innocence, therefore, neutralize each other. Undoubtedly it is incumbent upon the government in such a case to show affirmatively the existence of every fact which is an element of the act made penal. This rule, however, does not require every conjecture which may be started by the fertility of counsel to be overthrown; it suffices, if, upon the evidence in the case, the existence of the facts can be legitimately presumed. Aside from any presumptions founded upon the observance of the statutory regulations, the natural and reasonable inference is that the cigars were removed from the factory in the condition in which they were found. It is not usual, after articles have been prepared for sale in the market, to remove the packages, wrappers, or boxes in which they are ordinarily prepared for sale, and substitute others unnecessarily. The presumptions drawn from the ordinary conduct of men and the usages of trade are often as cogent as direct evidence. They were sufficient here to make a *prima facie* case.

As the case was tried by the court below without a jury, the exceptions raised by the plaintiff in error to the findings of fact and law by the district judge cannot be reviewed, however meritorious they might be. *Town of Lyons* v. *Lyons Nat. Bank*, 19 Blatchf. 279; S. C. 8 Fed. Rep. 369; *Blair* v. *Allen*, 3 Dill. 101; *Wear* v. *Mayer*, 2 McCrary, 172; S. C. 6 Fed. Rep. 658. It has been deemed proper, however, to consider them, at the request of counsel, as they have been fully argued.

Judgment is affirmed.