UNITED STATES v. CLEAGE.

(Circuit Court of Appeals, Eighth Circuit. March 12, 1908.)

No. 2,560.

1. COURTS—TRIAL TO DISTRICT COURT WITHOUT A JURY—REVIEW.
   Where a cause in a District Court, which is triable by jury under Rev. St. § 566 (U. S. Comp. St. 1901, p. 461), is by consent of the parties tried to the court without a jury, no question of fact or law decided upon or in connection with the trial is subject to re-examination in an appellate court.

2. SAME—REV. ST. §§ 649, 700, HAVE NO APPLICATION TO THE DISTRICT COURTS.
   Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), which provide for waiving a jury and for the review of judgments rendered in causes where there is such a waiver, relate exclusively to trials in the Circuit Courts, and there are no similar provisions in respect of trials in the District Courts.

3. WRIT OF ERROR—CASE SUBMITTED UPON AGREED STATEMENT—REVIEW.
   Where, in a cause otherwise triable by jury, the parties agree upon a statement of the ultimate facts, and not the evidence of them, and the case is then submitted to the court without a jury for its decision of the questions of law arising upon the facts so stated, the judgment may be reviewed upon a writ of error; and this, because there the facts are not determined upon a trial by the court, but by the agreed statement, which is spread at large upon the record, as a part of it, as would be a special verdict.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 3365.]

4. TRIAL—TRIAL TO COURT—CHARACTER OF FINDING—CANNOT BE BOTH GENERAL AND SPECIAL.
   When the trial is to the court, under Rev. St. § 649 (U. S. Comp. St. 1901, p. 525), the finding may be either general or special, but not both, and, where a general finding is made and judgment is rendered thereon, it cannot be regarded as superseded by a supposed special finding, which was not entered of record, is only found in the bill of exceptions, and does not purport to qualify or take the place of the general finding.

   [Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 929.]

(Syllabus by the Court.)

In Error to the District Court of the United States for the Eastern District of Missouri.

Edward P. Johnson, Asst. U. S. Atty. (Henry W. Blodgett, U. S. Atty., on the brief).

Before VAN DEVANTER and ADAMS, Circuit Judges, and RINER, District Judge.

VAN DEVANTER, Circuit Judge. By an action begun in the District Court the United States sought to recover from Thomas Cleage certain taxes alleged to have accrued under Schedule A of the war revenue acts of June 13, 1898 (30 Stat. 448, 458, c. 448) and March 2, 1901 (31 Stat. 938, 942, c. 806 [U. S. Comp. St. 1901, pp. 2286, 2300]). The petition was in two counts, and its allegations were all put in issue by the answer. By consent of the parties the trial was to the court without a jury. It resulted in a general finding for the defendant on the first count, and for the plaintiff on the second, and judgment was entered accordingly. Afterwards a bill of exceptions was allowed and signed, setting forth all the testimony and other evidence, and also what is termed a special finding of the facts. No order was made vacating the general finding or substituting the special one in its place. The case is here upon a writ of error sued out by the plaintiff with the purpose of securing a re-examination of the questions of fact relating to the first count and of certain questions of law said to arise upon so much of the special finding as relates to that count.. None of these questions, however, is open to consideration by us.

Save in certain excepted causes, of which this is not one, section 566 of the Revised Statutes (U. S. Comp. St. 1901, p. 461) prescribes that the trial of issues of fact in the district courts shall be by jury; and, when this mode of trial is waived in those courts, in a cause not of the excepted class, there is no provision of law for the re-examination in an appellate court of any question of fact or law decided upon or in connection with the trial. In these respects the law applicable to the district courts and to the review of their judgments is to-day precisely the same as was the law applicable to the Circuit Courts and to the review of their judgments before the enactment of the statute now embodied in sections 649 and 700 of the Revised Statutes (U. S. Comp. St. 1901, pp. 525, 570). Prior to that statute, the Supreme Court held in Campbell v. Boyreau, 21 How. 223, 16 L. Ed. 96, a case tried in a Circuit Court and otherwise much like this, that none of the questions sought to be presented, whether of fact or law, could be re-examined upon a writ of error, and, to show the grounds upon which the decision proceeded, it was said:

"Indeed, under the acts of Congress establishing and organizing the courts of the United States, it is clear that the decision could not be otherwise; for, so far as questions of law are concerned, they are regulated in their modes of proceeding according to the rules and principles of the common law, with the single exception of the courts in the state of Louisiana, of which we shall presently speak. And by the established and familiar rules and principles which govern common-law proceedings no question of the law can be reviewed and re-examined in an appellate court upon writ of error (except only where it arises upon the process, pleadings, or judgment, in the cause). unless the facts are found by a jury by a general or special verdict, or are admitted by the parties, upon a case stated in the nature of a special verdict stating the facts, and referring the questions of law to the court.

"The finding of issues in fact by the court upon the evidence is altogether unknown to a common-law court, and cannot be recognized as a judicial act. Such questions are exclusively within the province of the jury; and if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court,

therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law, as if those facts had been conclusively determined by a jury or settled by the admission of the parties. Nor can any exception be taken to an opinion of the court upon the admission or rejection of testimony, or upon any other question of law which may grow out of the evidence, unless a jury was actually impaneled and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And, as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal. Consequently, as the Circuit Court had jurisdiction of the subject-matter and the parties, and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed."

That decision was uniformly followed and applied by the Circuit Courts in the exercise of their appellate jurisdiction under section 633 of the Revised Statutes now repealed, over the judgments of District Courts (Blair v. Allen, 3 Dill. 101, Fed. Cas. No. 1,483; Wear v. Mayer [C. C.] 2 McCrary, 172, 6 Fed. 658; Town of Lyons v. Lyons National Bank [C. C.] 8 Fed. 369; Doty v. Jewett [C. C.] 19 Fed. 337; Jackson v. United States [C. C.] 21 Fed. 35); and it was reaffirmed and applied by the Supreme Court in Rogers v. United States, 141 U. S. 548, 554, 12 Sup. Ct. 91, 35 L. Ed. 853, a case tried in a District Court, wherein it was also held that sections 649 and 700, supra, relate exclusively to trials in the circuit courts, when a jury is waived, and that there are no similar provisions in respect of like trials in the District Courts.

It should be observed, however, that these cases do not impinge upon, but expressly recognize, another rule, equally well established, which is that where, in a cause otherwise triable by jury, the parties agree upon a statement of the ultimate facts, and not the evidence of them, and the cause is then submitted to the court, without a jury, for its decision of the questions of law arising upon the facts so stated, the judgment may be reviewed upon a writ of error; and this, because there the facts are not determined upon a trial by the court, but by the agreed statement, which is spread at large upon the record, as part of it, as would be a special verdict. United States v. Eliason, 16 Pet. 291, 301, 10 L. Ed. 968; Stimpson v. Railroad Co., 10 How. 329, 346, 13 L. Ed. 441; Graham v. Bayne, 18 How. 60, 15 L. Ed. 265; Suydam v. Williamson, 20 How. 427, 434, 15 L. Ed. 978; Burr v. Des Moines Railroad Co., 1 Wall. 99, 102, 17 L. Ed. 561; Pomeroy v. State Bank of Indiana, 1 Wall. 592, 602, 17 L. Ed. 638.

What has been said requires that the judgment be affirmed, but the result would be the same, even if, as seems to have been supposed, sections 649 and 700, supra, did not relate exclusively to trials in the circuit courts. Those sections do not provide for the re-examination of questions of fact, but only of questions of law; and the only questions of the latter class sought to be presented here relate to the sufficiency of the supposed special finding to support the judgment. That finding must be disregarded. Section 649 provides that the finding "may be either general or special," but it does not authorize both. British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222,

11 Sup. Ct. 523, 35 L. Ed. 147; State National Bank v. Smith, 36 C. C. A. 412, 94 Fed. 605; Corliss v. County of Pulaski, 53 C. C. A. 567, 116 Fed. 289; Streeter v. Sanitary District of Chicago, 66 C. C. A. 190, 133 Fed. 124. Here there was a general finding, and the judgment was rendered on it. The supposed special finding was not entered on the record, is only found in the bill of exceptions, and even then does not purport to qualify or take the place of the general finding. The latter is therefore controlling. Corliss v. County of Pulaski; Streeter v. Sanitary District of Chicago, supra.

The judgment is affirmed.