UNITED STATES v. ST. LOUIS, I. M. & S. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1909.)

No. 2,792.

1. COURTS (§ 356*) — FEDERAL COURTS — PRACTICE — TRIAL TO DISTRICT COURT WITHOUT A JURY—REVIEW.

Where an action at law in a District Court, triable by jury under Rev. St. § 566 (U. S. Comp. St. 1901, p. 461), is by consent of the parties tried to the court without a jury, no question of fact or law decided upon or in connection with the trial is subject to re-examination in an appellate court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land & Emigration Co. v. Gallegos, 32 C. C. A. 475.]

2. COURTS (§ 356*)—FEDERAL COURTS—PRACTICE—REVIEW.

Rev. St. §§ 649, 700 (U. S. Comp. St. 1901, pp. 525, 570), providing for waiving a jury and for the review of judgments rendered in causes where there is such a waiver, relate exclusively to trials in the Circuit Courts, and there are no similar provisions in respect of trials in the District Courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

(Syllabus by the Court.)

In Error to the District Court of the United States for the Eastern District of Arkansas.

William G. Whipple, U. S. Atty., and Powell Clayton, Asst. U. S. Atty., for plaintiff in error.

T. M. Mehaffey and J. E. Williams, for defendant in error.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

VAN DEVANTER, Circuit Judge. By its complaints in four separate actions in the District Court, the United States sought to recover from the St. Louis, Iron Mountain & Southern Railway Company penalties for nine alleged failures to comply with Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), known as the "28-hour law." The defendant answered in each case, putting in issue all the allegations of the complaint, and the cases, after being consolidated for purposes of trial, were tried to the court pursuant to a written stipulation waiving a jury. The judgment entry shows that the court, "having heard the evidence," found for the defendant as to two of the alleged failures and for the plaintiff as to the others, but with the qualification that the latter constituted three, and not seven, failures, and then rendered judgment accordingly. About a month thereafter a bill of exceptions was tendered by the plaintiff and allowed by the court, wherein it was recited that "subsequently to the said trial and the judgment of the court" a so-called agreed statement of facts was entered into by the parties. This agreed statement, after saying, "It is hereby stipulated and agreed by and between the above-named parties that the evidence adduced on the trial of said cause fully sustained the findings of fact herein set forth as distinguished from the conclusions of law," sets forth what purports to be a special finding of the facts with conclusions of law thereon, and then recites that the plaintiff excepted to the conclusions of law and to the application of them to the facts as found. Apparently it was because of these conclusions of law that the court found, as shown in the judgment entry, that what was charged as seven failures constituted but three. The case is now here upon a writ of error sued out by the plaintiff, and its only contention is that the court erred in its conclusions of law relating to the number of failures.

None of the complaints alleged in terms or in effect that the defendant "knowingly and willfully" failed to comply with the statute (see United States v. Union Pacific R. R. Co., 169 Fed. 65, and St. Louis & San Francisco R. R. Co. v. United States, 169 Fed. 69, both recently decided by this court), and the purported special finding is not shown otherwise than in the bill of exceptions (see Insurance Co. v. Boon, 95 U. S. 117, 124, 24 L. Ed. 395; United States v. Cleage, 161 Fed. 85, 88 C. C. A. 249; United States v. Sioux City Stockyards Co. [C. C. A.] 167 Fed. 126), but, if these matters be put out of view, there is yet an insuperable objection to the consideration of the contention made by the plaintiff. It is that in actions at law in the courts of the United States, if the questions of fact are by consent of the parties determined by the court without a jury, no ruling made in that connection can be reviewed upon a writ of error, in the absence of a statute providing otherwise. In a limited sense sections 649 and 700 of the Revised Statutes (U. S. Comp. St. 1901, pp. 525, 570) do provide otherwise in respect of the Circuit Courts, but those sections are in terms confined to the Circuit Courts, and there is no like provision in respect

of the District Courts.  As illustrating that this is so, it is enough to refer to the case of Rogers v. United States, 141 U. S. 548, 12 Sup. Ct. 91, 35 L. Ed. 853.  That was an action at law in a district court which was tried to the court pursuant to a written stipulation waiving a jury. The court "heard the testimony of the witnesses," made special find· ings of the facts with its conclusions of law thereon, and thereupon gave judgment for the plaintiff.  A bill of exceptions was also allowed embodying the evidence, the court's ruling upon a motion for a per- emptory finding for the defendant in the nature of a directed verdict and the exception to that ruling, as also other exceptions to the find- ings and decision, and the case was afterwards taken by the defendant to the Supreme Court upon a writ of error.  That court held, although the question was not raised by counsel, that all it could do, in view of the mode of procedure which the parties had chosen to follow, was to affirm the judgment.  In the course of the opinion it was said:

"There was no statute in existence which provided for the trial in the District Court by the court without a jury.  It is provided by section 566 of the Revised Statutes (U. S. Comp. St. 1901, p. 461) that 'the trial of issues of fact in the District Courts, in all causes except cases in equity and cases of admiralty and maritime jurisdiction, and except as otherwise provided in proceeding in bankruptcy, shall be by jury.'  The provision for waiving a jury in section 649 of the Revised Statutes (U. S. Comp. St. 1901, p. 461) applies only to the Circuit Court, as does also a special provision of section 700, in regard to the review by this court of a case tried in the Circuit Court by the court without a jury.  There are no similar provisions in regard to trials without a jury in the District Court to those found in sections 649 and 700 in respect to Circuit Courts.  It is true that in the District Court, in a suit otherwise triable by a jury, the parties may, by stipulation, waive a jury and agree on a statement of facts and submit the case to the court thereon for its decision as to the law.  Henderson's Distilled Spirits, 14 Wall. 44, 53, 20 L. Ed. 815.  That might have been done also in the Circuit Court without any statute to that effect.  Campbell v. Boyreau, 21 How. 223, 226, 227, 16 L. Ed. 96.  This, however, is not the finding of issues of fact by the court upon the evidence.  The provisions of sections 649 and 700 relate wholly to such finding, and not at all to the action of the court upon an agreed statement of facts."

And then, referring to the authority of the federal appellate courts in reviewing judgments at law prior to the enactment of the statute embraced in Rev. St. §§ 649, 700, it was further said:

"The extent of that authority was settled by the case of Campbell v. Boy- reau, before cited.  That was a suit at law in a Circuit Court.  The whole case having been submitted to the court upon the trial, and a jury hav- ing been expressly waived by agreement of parties, evidence was offered on both sides.  The court found the facts, and then decided the questions of law arising upon such facts, and gave judgment for the plaintiff.  The defendants sued out a writ of error from this court.  There were in the record bills of exceptions, which showed exceptions by the defendants to the admissibility of evidence, and exceptions to the construction and legal effect which the court gave to certain instruments in writing.  But this court held that, in the mode of proceeding which the parties had seen proper to adopt, none of the questions, whether of fact or of law, decided by the Circuit Court, could be re-examined by this court upon a writ of er- ror.  The opinion of this court, delivered by Chief Justice Taney, cited to that effect Guild v. Frontin, 18 How. 135, 15 L. Ed. 290, Suydam v. Wil- liamson, 20 How. 427, 432, 15 L. Ed. 978, and Kelsey v. Forsyth, 21 How. 85, 16 L. Ed. 32, and said: 'The finding of issues of fact by the court up- on the evidence is altogether unknown to a common-law court, and can-

not be recognized as a judicial act. Such questions are exclusively within the province of the jury; and if, by agreement of parties, the questions of fact in dispute are submitted for decision to the judge upon the evidence, he does not exercise judicial authority in deciding, but acts rather in the character of an arbitrator. And this court, therefore, cannot regard the facts so found as judicially determined in the court below, nor examine the questions of law as if those facts had been conclusively determined by a jury or settled by the admission of the parties. Nor can any exception be taken to an opinion of the court upon the admission or rejection of testimony, or upon any other question of law which may grow out of the evidence, unless a jury was actually impaneled, and the exception reserved while they were still at the bar. The statute which gives the exception in a trial at common law gives it only in such cases. And, as this court cannot regard the facts found by the judge as having been judicially determined in the court below, there are no facts before us upon which questions of law may legally and judicially have arisen in the inferior court, and no questions, therefore, open to our revision as an appellate tribunal. Consequently, as the Circuit Court had jurisdiction of the subject-matter and the parties and there is no question of law or fact open to our re-examination, its judgment must be presumed to be right, and on that ground only affirmed.'"

That decision was followed and applied by this court in the recent case of United States v. Cleage, supra.

As here, by consent of the parties, the trial was to the District Court without a jury, and the court "heard the evidence" and based its findings and judgment thereon, and as the case was not submitted upon an agreed statement of facts for the court's decision of the questions of law thereon, it follows that none of the questions decided by the court in determining the facts or in applying legal conclusions to them are open to re-examination upon this writ of error.

The judgment is accordingly affirmed.