## NATIONAL LABOR RELATIONS BOARD v. BILES COLEMAN LUMBER CO.
### No. 8764.

Circuit Court of Appeals, Ninth Circuit.
June 23, 1938.

Weter, Roberts & Shefelman, of Seattle, Wash., for Lumber Co., petitioner on motions.

Robert B. Watts, Acting Gen. Counsel, National Labor Relations Board, and Bertram Edises, Atty., National Labor Relations Board, both of Washington, D. C., for Labor Board, respondent on motions.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

The National Labor Relations Board has petitioned for our enforcement of its order that the Biles Coleman Lumber Company, a corporation, respondent, cease and desist from certain unfair labor practices, reinstate certain employees, perform certain acts, and otherwise to effectuate the purposes of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

The Lumber Company answered the petition and pleads, as an affirmative defense, that the Board's order of which enforcement is sought was made in proceedings in which the Lumber Company was denied due process under the Fifth Amendment to the Constitution, U.S.C.A.Const. Amend. 5.

We are required to consider such claimed affirmative defense since "all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court". National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 47, 57 S.Ct. 615, 629, 81 L.Ed. 893, 108 A.L.R.: 1352.

Upon information and belief the Company alleges that, prior to the hearing before the Board and thereafter, no member of the Board: "* * * read all of the testimony in the case, or read or examined all of the exhibits filed, or read a sufficient portion of the testimony and exhibits to be competent to judicially appraise and weigh the evidence or to form a basis for the findings of fact, conclusions of law, and Order.", and "* * * That the Findings of Fact, Conclusions of Law, and Order were prepared by employees or subordinates of the Board and were never, in advance of signature thereof by the Board, submitted to the respondent or its attorneys, and the said respondent was never given any opportunity to object to the form or substance thereof."

The Board moves to strike these allegations on the ground that they do not show an absence of due process in the Board's action with reference to its findings, conclusions and order.

The allegation that no member of the Board "read a sufficient portion of the testimony and exhibits to be competent to judicially appraise and weigh the evidence or to form a basis for the findings of fact, conclusions of law, and Order", is an allegation of a conclusion of law. There is no allegation of fact as to the amount of testimony which was read to constitute a legal insufficiency for a judicial appraisal as to the weight of the evidence or to form a basis for the findings of fact, conclusions of law, and order.

This leaves the bare allegation that the Board had not read "all of the testimony in the case, or read or examined all of the exhibits filed". This is not an allegation of denial of due process. The Supreme Court has held that the "evidence thus taken may be sifted and analyzed by competent subordinates. * * * The requirements are not technical". Morgan v. U. S., 298 U. S. 468, 481, 56 S.Ct. 906, 912, 80 L.Ed. 1288.

Furthermore, so far as concerns reading "all" the testimony and examining all of the exhibits, it may well be that the brief admitted to have been filed by the Lumber Company may have made admissions making it unnecessary to read "all" of the thousands of pages of evidence offered. The Company well may have made unnecessary, as it properly should, the reading of repetitious evidence and evidence upon facts uncontrovertibly proved. There is hence no cause stated warranting relief on the ground of denial of due process with reference to reading the evidence or examining the exhibits.

What we have said also disposes of the allegations concerning the preparation of the findings of fact, conclusions of law, and order by employees or subordinates of the Board. It is obvious that such an administrative body, with scores of cases for its decision, many involving complicated questions of fact and often intricate questions of law, properly will rely upon its employees for assistance in their preparation. The administrative duties imposed on the Board by the Congress could not proceed otherwise.

Concerning the allegation that the findings, conclusions and order were not submitted to respondent or its attorneys, it appears that up to the submission of the

hearing, due process had been accorded under the criteria established by the second Morgan case.

At the hearing here it was admitted (a) that the Board's order is supported by charges fully and definitely advising the Lumber Company both of what was sought to be proved at the hearing and what was sought to be ordered; (b) that at a hearing before the Trial Examiner there was argument afforded it upon all the evidence taken in the proceeding and that the Board's attorney .fully presented the Board's contentions of law and fact upon which the Board's order was finally made; (c) that thereafter, before action or recommendation by the Trial Examiner, the case was transferred to the Board for hearing upon the testimony taken by the Trial Examiner and, prior to the Board hearing, the matter was fully briefed for the Board by the Lumber Company; (d) that at the hearing the Lumber Company was allowed full opportunity to argue its case.

The Lumber Company may not complain if, after the pleadings have properly advised it on the issues of fact and law and the Board's attorney has fully argued the points of fact and law upon which the Board contends the decision should be based, it is not offered proposed findings and conclusions of the Board, for the Company's comment or suggestion. No such right exists at the common law where the parties have no access to the jury's special findings. Cf. Campbell v. Boyreau, 62 U.S. 223, 226, 21 How. 223, 226, 16 L.Ed. 96. It is only by statute or rule, or in its discretion, that now in law cases without jury a court causes the submission of proposed findings to the losing party. Due process in the trial of facts in such a case as this is afforded to the parties if the process substantially gives to the closing party no less advantage than at the common law. National Labor Relations Board v. Mackay Radio & Tel. Co., 58 S.Ct. 904, 82 L.Ed. ——, May 16, 1938.

We take it that what is said in Morgan v. U. S., 58 S.Ct. 773, 82 L.Ed. ——, April 25, 1938, rehearing denied 58 S.Ct. 999, 82 L. Ed. ——, May 31, 1938, concerning the failure of the Secretary of Agriculture to submit such proposed findings to the party subject to his order, has to do with no more than their necessity to advise such a party of the specific contentions of law and fact relied upon for the Secretary's order, *where, as in that case, there was no complaint, brief or argument on behalf of the Secre-*

*tary* which informed the ordered party of the contentions on which the order sought to be made by him was to be based. Here there was no absence of such advice and hence no reason to submit the findings.

Since the affirmative allegations fail to state facts constituting a denial of due process, the Board's motion to strike them from the Company's answer is granted.

. It hence follows that the Company's motions to compel the Board to answer them is denied, as also its motions for leave to adduce testimony thereon and for the taking of depositions therefor.