## UNITED EMPLOYEES ASS'N v. NATIONAL LABOR RELATIONS BOARD.

### No. 6656.

Circuit Court of Appeals, Third Circuit.

March 18, 1938.

Rehearing Denied April 28, 1938.

Charles L. McCormick and R. L. McDonald, both of Pittsburgh, Pa., for petitioner.

Charles Fahy, General Counsel, Robert Watts, Associate General Counsel, and Malcolm F. Halliday, all of Washington, D. C., for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and DICKINSON, District Judge.

DAVIS, Circuit Judge.

On June 16, 1937, the United Electrical & Radio Workers of America, Railway Equipment Workers Local No. 610, hereinafter called the Union, filed a petition for investigation and certification, under section 9(c) of the National Labor Relations Act, 29 U.S.CA. § 159(c), of the United

Employees Association, hereinafter called the Association, an unincorporated labor organization in the plant at Wilmerding, Pa., of the Westinghouse Airbrake Company, hereinafter called the Company. A hearing was held on September 9, 1937, and at the hearing, the Association was permitted to intervene.

As a part of the investigation an election was held on November 9, 1937, under the direction of the National Labor Relations Board, hereinafter called the Board, and on December 4, 1937, the Board certified to the Company that:

"* * * United Electrical and Radio Workers of America, Railway Equipment Workers Local No. 610 has been designated and selected by a majority of the production and maintenance employees of the Westinghouse Airbrake Company at its Wilmerding, Pennsylvania, plant, except superintendents, foreman, assistant foreman, group leaders, working group leaders, inspectors, clerical employees and all employees in the engineering and drafting departments, as their representative for the purposes of collective bargaining, and that, pursuant to Section 9(a) of the Act, United Electrical and Radio Workers of America, Railway Equipment Workers Local No. 610 is the exclusive representative of all such employees for the purposes of collective bargaining in respect to rates of pay, wages, hours of employment, and other conditions of employment."

The case is here on petition of five persons in their representative capacity as officers of the Association and as individuals, praying that a review of the proceedings before the Board be allowed, that the decision and certification of the Board be set aside, that an election be ordered fixing a proper date of employment as a requisite for the eligibility of voters and the classification of employees to constitute an appropriate unit for collective bargaining, that the Board be ordered to certify and file in this court a transcript of the record before it, and that the allowance of the review act as a stay of further proceedings before the Board until the questions to be raised in the review are determined.

The Board appeared specially and urged us to dismiss the petition on the ground that at this stage of the proceedings, this court has no jurisdiction.

The petitioner admits that it may not have a judicial review of any action of the Board until it has made a final order. But it says that certification of the Union as the exclusive collective bargaining agent for the Association with the Company is in effect a final order determining that question.

It does determine that question which may be reviewed at the proper time by this court, but that time arrives when the Board orders the company to do something. Here the Union is merely certified as "the exclusive representative of all such employees for the purpose of collective bargaining in respect to rates of pay, wages, hours of employment, and other conditions of employment." This is not a final order. It is in fact not an order at all, but simply the certification of a fact which may be entirely ignored and disregarded by the Association and the Company. The Company may go on with impunity bargaining with the Association just as though no certification had been made. Until the Board makes a final order commanding the Company to do something, its jurisdiction is exclusive and complete and its order may not be reversed or set aside if there is any substantial evidence to support it. Consequently until the Board makes a final order by which some person is aggrieved the proceedings of the Board may not be judicially reviewed or enjoined. Section 10(a) of the act, 29 U.S.C.A. § 160(a); Howard Myers et al., Petitioners, v. Bethlehem Shipbuilding Corporation Ltd., 58 S.Ct. 459, 82 L.Ed. ——, decided January 31, 1938. But when the Board makes a final order by which any person is aggrieved, he may obtain a review of such order in any circuit court of appeals of the United States in the circuit wherein such person resides or the unfair labor practice is alleged to have been engaged in, section 10(f) of the act, 29 U.S.C.A. § 160(f) and "upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court." National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U.S. 1, 46, 47, 57 S.Ct. 615, 629, 81 L.Ed. 893, 108 A.L.R. 1352. If and when the Board by a final order directs the petitioner in this case to cease and desist from any of its practices or to do anything, the petitioner may obtain a review of that order by this court which may then examine the regularity of the proceedings by which the Board found that the Union was the exclusive representative of the Associa-

tion for the purposes of collective bargaining, but until then both the Association and the Company may proceed just as though no election had been held or certification made. Until then neither the Association nor the Company are hurt. In its report the House Committee said: "It is intended here to give the party aggrieved a full, expeditious and exclusive method of review in one proceeding after a final order is made. Until such final order is made the party is not injured, and cannot be heard to complain, as has been held in cases under the Federal Trade Commission Act." H.R.Rep. 1147, 74th Cong., 1st Sess., p. 24.

The petition is denied and dismissed.