## NATIONAL LABOR RELATIONS BOARD v. CHERRY COTTON MILLS.*

### No. 8751.

Circuit Court of Appeals, Fifth Circuit.

July 29, 1938.

*Rehearing denied 98 F.2d 1021.

Charles Fahy, Gen. Counsel, National Labor Relations Board, Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, and David McCalmont, Jr., National Labor Relations Board, all of Washington, D. C., for petitioner.

W. H. Mitchell and Chas. A. Poellnitz, Jr., both of Florence, Ala., for respondent.

·Before FOSTER, SIBLEY, and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

The National Labor Relations Board has filed a petition for enforcement of an order directed against Cherry Cotton Mills. The petition states that the matter was heard by a trial examiner designated by the Board, was on March 30, 1936, transferred by the Board to itself, that oral argument by respondent Cherry Cotton Mills was heard by the Board on March 9, 1936, and on Dec. 30, 1937, "the Board, having duly considered the matter and being sufficiently advised in the premises, and being of the opinion upon all the testimony and evidence in said case that the respondent had been and then was engaging in certain unfair labor practices affecting commerce," stated its findings of fact and conclusions of law and entered its order thereon. The petition is signed and sworn to by the Chairman of the Board and another member.

The respondent answered under affidavit of its President that the order was illegal and invalid for want of a fair and open hearing, especially in that no copy of the examiner's report, if any, was furnished respondent; that at the argument before the Board counsel for the complainant was present but made no argument, and if they filed a brief respondent was given no copy; that no proposed findings of fact were submitted to respondent before the final order; and that the Board never at any time read or gave judicial consideration to the evidence submitted at the hearing, but the same was considered only by "hirelings" not vested by law with judicial duty and responsibility; by reason of all of which the order if enforced would deprive respondent of its liberty and property without due process of law. There was a prayer to be allowed to take the depositions of the members of the Board and of others named. By an amendment of the answer it was further alleged that the Board had referred the case for analysis and a report of proposed findings of fact and conclusions of law to its "Review Division," whose report was not served on respondent nor any opportunity given to be heard respecting it before it was adopted. A prayer was added to set the order aside. The respondent also filed interrogatories for discovery under Equity Rule 58, 28 U.S.C.A. following section 723, to be answered by the three members of the Board; and a petition for a commission to take the depositions of named witnesses residing more than one hundred miles from the place of sitting of the court who are alleged to know how the case was handled by the

Board and how the decision was reached. The Board, by its counsel, objects to the interrogatories propounded to the Board members on the grounds that Equity Rule 58 is applicable only to equity proceedings in the District Courts; that additional evidence in a proceeding like this can be taken only under the provisions of Sect. 10(e) and (f) of the National Labor Relations Act, 29 U.S.C.A. § 160(e, f); that the matter of each of the interrogatories is irrelevant to the issues, and not competent to be enquired of by this court; that the allegations are vague and not shown to be based on reliable information, and are a "fishing expedition"; and that some of the interrogatories relate to intra-office confidential communications, and some call for conclusions only. Opposition was also filed to the taking of the depositions. We at present will deal only with the proposed interrogatories and depositions.

As has been stated, the petition of the Board to this Court states that the Board considered the case before it and upon all the testimony and evidence made its findings of fact and issued its order. The answer alleges that the Board did not consider the evidence but referred it to others for suggested findings of fact and that with no opportunity to respondent to know of or criticize the suggestions, they were adopted by the Board without further enquiry or investigation. The issue thus tendered is, we think, one which this court is under duty to entertain and decide. One party is asking the court to enforce the order; the other is asking that it be set aside. Our jurisdiction arises under Section 10(e) and (f) of the National Labor Relations Act, 29 U.S.C.A. § 160(e) (f). We are there given power "to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript a decree enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the Board. * * * The jurisdiction of the court shall be exclusive and its judgment and decree shall be final," except as orderly reviewed. Since the jurisdiction is exclusive, there cannot be a flank attack in some other federal court upon the validity of the order. The scheme of the law is that the Board's order shall not be self-executing, but shall be specially presented for enforcement or annulment to one of the courts named in the statute with the

broad powers just quoted, and there only may the order be judged. Ordinarily its intrinsic merits will be the issue, and the language of the statute is mainly addressed to the consideration thereof. There is the important provision that "the findings of the Board as to the facts, if supported by evidence, shall be conclusive." Another provision is that additional evidence may by the court's order be taken before the Board or its agency, with power in the Board to modify its findings and recommend changes in its order. But these provisions touching the intrinsic matters decided by the Board do not cover all the functions of the Court. The Court is bound to consider the Constitution and the statutes as they affect the order and touch the manner of its making, as distinguished from the correctness of its conclusions. The very fact that the Board's findings of fact are to be generally conclusive but makes it more necessary that they be made with fairness and according to the safeguards established by law. It is probably true that jurisdictional facts are subject to judicial review though found by the Board, according to the decision in Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. We are very confident that the Court ought not to enforce pretended findings of the Board which are not really such. The litigation dealt with in Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, involved an administrative order comparable to those which the Board may make, which was attacked in equity because made on reports of subordinates. What was there said as to the kind of hearing and consideration which an administrative agency must give to a matter where the order is to be conclusive of the facts applies here. Congress has committed the ascertainment of the facts to the Board, and those persons whose character and experience and attainments have been considered such as to warrant appointment to it by the President and confirmation by the Senate ought to ascertain them. If they do not, there is no real finding of facts by the Board; there is no legal basis for an order of the Board.

When the Board issues an order purporting to be based on fact-findings, there is of course a presumption that the Board made them. A contrary allegation ought not lightly to be made or sustained. We do not understand that it is indispensable that the Board members shall have heard the evidence delivered or shall have

read it all. Their case is much like that of a busy chancellor. If the evidence has been taken, and the opposing parties appear and argue the case fully, so that the disputes of fact are clearly defined, there is need to read and consider only the evidence bearing on the disputes, other facts being taken as the parties concede them. Where only one side argues, or when neither does, the responsibility of the trior is broader. The Board, perhaps, may seek assistance similar to that afforded by a Master to a Chancellor, though the statute does not plainly say so; and where the parties do not participate in the choice of the assistants they ought to be impartial and capable. If great reliance is to be placed on their conclusions and recommendations, opportunity for argument before them, or upon their recommendations, ought to be afforded the parties, after the analogy of proceedings before Masters. If this is not done, it seems to us that the Board members must substantially master the record before adopting a report made to them which is unknown to the parties and unargued by them. It seems, as is set forth in the opinion in Re National Labor Relations Board, 58 S.Ct. 1001, 82 L.Ed. —, that since the making of the order before us the Board has instituted a practice of making an intermediate report, where there was none by the trial examiner, and serving it on the parties to give opportunity to discuss it. This confesses the essential fairness of such procedure, and also implies that it had not previously been practiced; lending color to the respondents' contention here.

Under all the circumstances, among which is an admission in argument that the Board has made use of a Review Division composed of employees, we are of opinion that the method of making this order ought to be enquired of by this court before undertaking to enforce it.

■ We hold that interrogatories for discovery, by analogy to Equity Rule 58, may be addressed to the opposite party in such an enquiry. That this is substantially a case in equity is apparent from the references in the statute to injunctions and restraining orders and to the language in Sect. 10(h), 29 U.S.C.A. § 160(h): "When granting appropriate temporary relief or a restraining order, or making and entering a decree * * * as provided in this section, the jurisdiction of courts sitting in equity shall not be limited by sections 101 to 115 of this title." It must also be remembered that District Courts as well as Circuit Courts of Appeal may act under the provisions of the Section. The Circuit Courts may very well, since they sit as courts of equity, act under the equity rules prescribed for the District Courts, rather than go back to the English equity practice. This holding will apply also to the taking of depositions.

■ The effort to take evidence in this manner on the point of union employments and the reemployment of one Coker was properly abandoned. Those matters relate to the intrinsic merits of the order, and the procedure under Sect. 10(e) would apply which requires the additional evidence to be taken by the Board. But the matter of whether the Board proceeded lawfully in making up the findings of fact and its order is not a question to be decided by the Board nor on which its fact findings would be conclusive. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. We think this court should take and hear the evidence as a court of equity.

The interrogatories for discovery addressed to the Board members may properly be answered, so far as the members have knowledge. None of the papers called for now appear to be of such a nature as to be deemed confidential or privileged. If any are such, a showing on the point may be made in connection with the answers.

We postpone decision upon the petition for a commission to take depositions till the answers to the interrogatories shall have been filed. They may obviate the taking of other evidence. Such answers are hereby required to be filed within twenty days from the date hereof.

So ordered.