## CUPPLES COMPANY MANUFACTURERS v. NATIONAL LABOR RELATIONS BOARD.

### No. 426, Original.

Circuit Court of Appeals, Eighth Circuit.
May 18, 1939.

Rehearing Denied June 12, 1939.

Luther Ely Smith and Victor B. Harris, both of St. Louis, Mo. (Luther Ely Smith, Jr., of St. Louis, Mo., on the brief), for petitioner.

Robert B. Watts, Associate Gen. Counsel, National Labor Relations Board, of Washington, D. C. (Mr. Charles Fahy, Gen. Counsel, of Washington, D. C., on the brief), for respondent.

Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.

GARDNER, Circuit Judge.

This case is pending before the court upon petitioner's request to review and set aside and respondent's request for enforcement of an order of respondent issued against petitioner on December 5, 1938, pursuant to Section 10(c) of the National Labor Relations Act, 29 U.S.C.A. § 160(c). A certified transcript of a record of the proceedings before the Board was filed in this court on February 20, 1939, and the case is set for argument on the merits on May 30, 1939. On May 1, 1939, petitioner presented its application for a commission to take the depositions of the members of the National Labor Relations Board and other persons, and for an order requiring the members of the Board to answer certain interrogatories. It now appears that at the close of the oral argument, counsel for petitioner were granted leave to file a reply brief within ten days. Through inadvertence, this motion was taken up by the court on May 9th and an order entered denying the petition. That order we now set aside as improvidently entered.

Three proceedings were commenced against petitioner before the National Labor Relations Board. One charged unfair labor practices under Section 10 of the National Labor Relations Act, and the other two were initiated pursuant to Section 9 (c) of the Act, 29 U.S.C.A. § 159(c), by the issuance of an order authorizing the Regional Director to conduct an investigation and to provide for an appropriate hearing on petitions filed by two labor organizations, each of which alleged that a question affecting commerce had arisen concerning the representation of the company's employees. Each organization asked to be certified as collective bargaining representative of employees in an appropriate unit. The cases were consolidated for hearing and were heard by an examiner. At the commencement of the hearing before the trial examiner, the attorney for the Board made a brief preliminary statement relating to the three cases. Petitioner was represented by counsel. The trial examiner filed an intermediate report on February 7, 1938, which included his findings of fact and conclusions of law, together with recommendations in the case of unfair labor practices. Petitioner was served with a copy of this report. The report was to the effect that the petitioner had been guilty of unfair labor practices, but dismissed the complaint so far as a charge of refusal to bargain collectively was concerned. The examiner made no report in the two cases involving representation. Petitioner was granted leave to file a brief in the three cases. It filed exceptions to the intermediate report of the examiner, as did one of the labor organizations interested in the representation cases. Petitioner made oral argument before the Board on March 17, 1938, and on October 26, 1938, filed a motion requesting clarification of the issues in the representation cases. This motion was denied.

On December 5, 1938, the Board issued its decision and order and direction of election. The decision recites that the Board had considered the exceptions and the briefs, and that its findings of fact, conclusions of law, order and direction of election were made by the Board upon the entire record. The Board found that petitioner had engaged in unfair labor practices within the meaning of Section 8(1), (2) and (3) of the Act, 29 U.S.C.A. § 158(1–3), but that it had not engaged in unfair labor practices within the meaning of Section 8 (5) of the Act. It ordered petitioner to cease and desist from its unfair labor prac-

tices and to offer reinstatement with back pay to eleven named employees, to withdraw all recognition from the Mutual Relations Association as collective bargaining representative of any of the employees and to post notices. It also ordered that the complaint be dismissed in so far as it alleged that petitioner had violated Section 8(5) of the Act. It dismissed one of the two representation cases, and with respect to the other directed that as a part of the investigation to ascertain representatives for the purpose of collective bargaining, an election by secret ballot should be conducted at such time as the Board might thereafter specify, among the employees in a unit found by the Board to be appropriate for purposes of collective bargaining.

On December 23, 1938, petitioner filed in this court its petition for review and to set aside the Board's order. The Board answered this petition and prayed for enforcement of the order.

The questions presented at this time are: (1) Has this court the power to issue the commission, or to order the interrogatories to be answered, and if so, (2) should such power, in the light of the showing presented, be exercised?

■ 1. The scope of the inquiry at this time must be limited to the case presented by the order requiring petitioner to cease and desist from unfair labor practices because the investigation under Section 9(c) of the Act, to ascertain the proper representative of the employees, has not reached the stage of a final order directed against petitioner, and until it has reached that stage petitioner is not entitled to a review or hearing in this court. American Federation of Labor v. N. L. R. B. No. 7257, App. D.C., 103 F.2d 933, opinion filed February 27, 1939; Ames Baldwin Wyoming Co. v. N. L. R. B., 4 Cir., 73 F.2d 489; United Employees' Ass'n v. N. L. R. B., 3 Cir., 96 F.2d 875.

2. Section 644, Title 28 U.S.C.A., provides that, "In any case where it is necessary, in order to prevent a failure or delay of justice, any of the courts of the United States may grant a dedimus potestatem to take depositions according to common usage."

■ The question whether the Board proceeded lawfully to arrive at its final decision is not a question on which its findings are conclusive on this court, but we think as a court of equity in review of the proceedings of the Board, this court has

power and the duty to pursue inquiry as to the method of decision. N. L. R. B. v. Cherry Cotton Mills, 5 Cir., 98 F.2d 444; N. L. R. B. v. Biles Coleman Co., 9 Cir., 98 F. 2d 16. In fact, it might be necessary that it so proceed to prevent a failure of justice. "The power 'to prevent any person from engaging in any unfair practice affecting commerce' has been vested by Congress in the Board and the Circuit Court of Appeals, and Congress has declared: 'This power shall be exclusive, and shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, code, law, or otherwise.'" Myers v. Bethlehem Corp., 303 U. S. 41, 58 S.Ct. 459, 462, 82 L.Ed. 638. Upon review by the Circuit Court of Appeals, all questions of the jurisdiction of the Board and regularity of its proceedings, and all questions of constitutional right or statutory authority are open to examination. N. L. R. B. v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L. R. 1352.

■■ It is argued by the Board that the Act provides a ready, if not exclusive means of adducing additional evidence by ordering additional evidence to be taken before the Board. Sections 10(e) and 10(f). But this manifestly refers to evidence going to the merits of the charge and not to the question of the regularity or fairness of the hearing as conducted by the Board. The statute presupposes a full compliance by the Board with the fundamental requisites of a fair hearing. A party to an administrative proceeding has the right to prove facts showing that the procedure followed renders the order of the administrative agency void. Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 59 S.Ct. 206, 217, 83 L.Ed. ——.

■■ On this motion, we are not called upon to inquire as to what evidence would or would not be admissible. Our inquiry at this time is limited to the method pursued and to whether a fair hearing has been accorded. The findings of the Board, if supported by substantial evidence, are conclusive. Section 10(f). This has been construed to mean evidence that is more than a scintilla, but "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Edison Company v. Labor Board, supra. This court has been reluctant to set aside the findings of the Board on a disputed question of fact.

Cudahy Packing Co. v. N. L. R. B., 8 Cir., 102 F.2d 745, March 27, 1939. But, as said by the Supreme Court in Morgan v. United States, supra, the weight ascribed by law to the findings "rests upon the assumption that the officer who makes the findings has addressed himself to the evidence, and upon that evidence has conscientiously reached the conclusions which he deems it to justify." [298 U.S. 468, 56 S.Ct. 912.] The very purpose of Congress to assure an adequate and full hearing would be frustrated if the Board should decide a case without consideration of the evidence. Under such circumstances, the right of review in this court would be an idle ceremony. We conclude that as the case is now pending in this court, we have the power to pursue the inquiry into the Board's method of procedure. Having that power, it remains to consider whether the petitioner has shown reason for its exercise.

The petition alleges that at the time of oral argument before two members of the Board, two individuals were present, alleged on information and belief to be members of the "Review Division" of the Board, and had been designated to review the cases for the Board and to make recommendations to it. It is alleged on information that they were present to act as counsel for the Board at the argument and for the purpose of hearing petitioner's argument and making recommendations to the Board based thereon. It is further alleged that at no time has the Board, or any representative of it, made any argument in petitioner's presence, or furnished petitioner with any brief, memorandum, suggestion, proposed finding or recommendation, with the exception of the brief preliminary statement made orally before the trial examiner by the attorney for the Board, and the intermediate report of the trial examiner.

In its decision, the Board states: "The Matchmakers' Union contends that there is no community of interest between the employees of the match department and those of the other manufacturing departments and that insofar as employment and conditions of work are involved, the match department is properly viewed as a separate unit."

Petitioner asserts that there is nothing in the record in any way indicating that the Matchmakers' Union made any such contention or any other contention and that the Board in its decision has found as a fact that petitioner's match department is

the unit appropriate for purposes of collective bargaining, and has therefore decided the "essence" of the entire controversy without informing petitioner what the contentions of the Board or of the Matchmakers' Union were, and without giving petitioner an opportunity to meet these contentions.

The petition alleges that in the Board's decision the name of Margaret M. Farmer appears as of counsel to the Board, and that petitioner is informed and believes that this notation indicates that Miss Farmer reviewed the three cases for the Board, made findings and submitted suggestions and recommendations to the Board, which were followed and acted upon by the Board in arriving at its decision, order and direction of election; that Miss Farmer took no part in any phase of the proceedings before the Board, of which petitioner was advised, and was not present at any time that petitioner made argument in support of its petition. It is also alleged on information and belief that the members of the Board did not themselves consider the evidence in arriving at the decision, order and direction of election, but relied upon the summary, suggestions, and recommendations of Miss Farmer and others, and that the Board failed to consider a vast amount of the evidence presented by petitioner, which evidence clearly refuted all charges made against petitioner. Other grounds are alleged, which, however, are contained in the petition to review and are covered by assignments of error and they will therefore not be considered here.

The Board raises no issue by denial, but stands on the legal insufficiency of the petition. The mere recitals in the decision and order of the Board are not in themselves evidence of a substantial compliance with the law requiring a fair hearing, because the Board can not thus preclude the rights of a party to a fair hearing meeting the requirements of statute and constitution. Morgan v. United States, supra.

The charge that two persons were present at the oral argument and the allegation that they were to make recommendations to the Board, and that Margaret M. Farmer appeared as "of counsel" in the decision of the Board, and the allegation that she reviewed the cases and made findings and submitted suggestions to the Board, which it followed, are, we think, quite insufficient to show that the hearing was lacking in the requirements of statute or constitution. The Board is not precluded from obtaining aid of assistants. As said in Morgan v. United States, supra, "Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them."

The allegations of the petition here do not go beyond showing a proper reliance by the members of the Board on administrative assistance.

It is alleged that neither the Board nor any of its representatives made any argument in petitioner's presence, or furnished petitioner with any brief, proposed findings or recommendations, with the exception of the brief preliminary statement made before the trial examiner by the attorney for the Board and the trial examiner's report in the unfair labor practice case. Since that case is the only one properly before this court for review, the intermediate report of the trial examiner, with the complaint advising of the charges, was we think sufficient indication to the petitioner of what it was required to meet. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129. The filing of a tentative report by the trial examiner, with the opportunity to take exception thereto, is approved in Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. ——, and, it is, of course, presumed that the Board read and considered petitioner's brief. No particular form of procedure is essential in presenting the issues to the party who is required to meet them. We conclude that the contention that petitioner was not advised of the claims of the Board is not sustained. National Labor Relations Board v. MacKay Radio & Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L. Ed. 1381.

As has been observed, it is charged on information and belief that the members of the Board did not personally consider the evidence, but relied upon the summary, suggestions, and recommendations of Miss Farmer and others. In the

first Morgan case, 298. U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, it was alleged that the Secretary of Agriculture made a rate order without having heard or read any of the evidence, and without having heard the oral arguments, or having read or considered the briefs submitted. The court held that such allegations were sufficient basis for an inquiry into the Secretary's action. The court, however, did not hold that the officer making the decision must necessarily read all the evidence. It conceded that the officer could rely upon analysis and summary of the evidence by competent subordinates. He must consider and appraise the evidence, but such consideration and appraisal may be based on the work of the subordinates. Here, there is no allegation that there was no study and consideration of the record. On the contrary, it affirmatively appears that the subordinates did what the first Morgan case said they might do. Every presumption of regularity attends the action of the Board. United States v. Chemical Foundation, 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131; Klamath and Moadoc Tribes of Indians v. United States, 296 U.S. 244, 56 S.Ct. 212, 80 L.Ed. 202. In the second Morgan case, the court held that it was not necessary to discuss the extent to which the Secretary examined the evidence, and it was not the function of the court to probe the mental processes of the Secretary in reaching his conclusion, if he gave the hearing which the law required. The order was reversed in that case because there was no reasonable opportunity afforded to know the claims of the Government. Presuming, as we must, that petitioner's brief was considered, and since the Board has the right to rely upon information of its subordinates as to the evidence submitted, the allegation that the members of the Board did not consider the evidence in arriving at the decision, is, we think, insufficient to justify the court in granting the relief asked. N. L. R. B. v. Biles-Coleman Lumber Co., supra.

The finding or recital as to the separate nature of the match department relates only to the representation cases. If, as alleged, the Board failed to consider the vast amount of evidence presented by petitioner, "which evidence clearly refuted all charges made against petitioner," that question can not be considered on this motion as it involves the merits of the appeal. Manifestly, that fact, if it exists, will be made to appear by the record as it stands and will not warrant or

require the answering of interrogatories by the Board or the taking of depositions of its members.

The petition is therefore denied.