# INLAND STEEL CO. v. NATIONAL LABOR RELATIONS BOARD.

## No. 6837.

Circuit Court of Appeals, Seventh Circuit.

June 21, 1939.

Robert B. Watts, of Washington, D. C., for Labor Board.

Ernest S. Ballard, of Chicago, Ill., for Inland Steel Co.

Before SPARKS, MAJOR, and TREANOR, Circuit Judges.

MAJOR, Circuit Judge.

On January 4, 1939, Inland Steel Company filed herein its petition to review and set aside a certain order of the National Labor Relations Board issued November 12, 1938, in a proceeding against said company, appearing upon the docket of respondent as Case No. C-252, In the Matter of Inland Steel Company and Steel Workers Organizing Committee and Amalgamated Association of Iron, Steel and Tin Workers of North America, Lodge Nos. 64, 1010, and 1101. February 7, 1939, respondent filed its answer to such petition for review and request for enforcement of its order against the petitioner.

The matter with which we are presently concerned arises by reason of objections made to certain interrogatories, propounded to the Board and members thereof, purportedly pursuant to Rule 33 of the Federal Rules of Civil Procedure. Such interrogatories were served upon respondent by mail on March 2, 1939. The objections of respondent were served upon petitioner's attorneys on March 13, 1939, and were filed with this court the following day, together with notice and motion for hearing thereon.

A certified transcript of the record of the proceedings before respondent was filed in this court February 6, 1939. The facts as therein disclosed, culminating in the issuance of respondent's decision and order of November 12, 1938, are now material only to the extent of their pertinency to the interrogatories propounded by petitioner and respondent's objections thereto.

The proceedings before respondent were initiated against petitioner on June 12, 1937, pursuant to Section 10(b) of the National Labor Relations Act, 29 U.S.C. A. § 151 et seq., by the issuance of a complaint based on charges filed by Steel Workers Organizing Committee (referred to as S. W. O. C.) and Amalgamated Association of Iron, Steel and Tin Workers of North America, Lodge Nos. 64, 1010 and 1101 (referred to as Amalgamated). The Steel Workers Independent Union, Inc. (referred to as Independent Union), described in the complaint as a company controlled and dominated organization, was permitted to intervene in the proceeding. A hearing before a trial examiner was held at Chicago, Illinois, from June 28 to October 13, 1937. Petitioner, by its counsel, participated in such hearing with opportunity of examination and cross-examination of witnesses, and called several hundred witnesses in its own behalf. Thereafter, the proceedings were transferred to respondent, which, on April 5, 1938, issued a decision and order pursuant to Section 10(c) of the Act. On May 4, 1938, petitioner filed in this court a petition to review and set aside said order, and on May 12, 1938, respondent voluntarily set aside its findings and order of April 5, 1938, for the purpose of permitting further proceedings therein. On June 4, 1938, an order was entered in this court granting respondent's motion to dismiss the petition for review and denying petitioner's cross-petition for an order remanding the proceeding with instructions to dismiss the complaint. Inland Steel Company v. National Labor Relations Board, 7 Cir., 97 F.2d 1006.

On June 7, 1938, respondent issued proposed findings of fact, proposed conclusions of law and a proposed order, to which exceptions were filed by petitioner and the Independent Union. Later, both parties filed briefs with the respondent and, thereafter, on August 22, 1938, oral argument of the case was had before respondent by counsel for petitioner, the Independent Union and the S. W. O. C.

On November 12, 1938, respondent filed its second decision, findings of fact and conclusions of law and issued its second order on said complaint. Respondent found that petitioner had engaged in unfair labor practices within the meaning of Sections 8, (1) (2) and (3) of the Act. Its order, the details of which are not now important, directs petitioner to cease and desist from unfair labor practices, requires petitioner to withdraw all recognition from the Independent Union and upon request, to recognize the S. W. O. C.

The interrogatories before us are tendered in support of Paragraph 22 (5) of the petition which alleges that petitioner was denied its statutory and constitution-

248

al right to a hearing before the Board for the reasons therein assigned.[1] Respondent's answer neither admits nor denies the allegations contained in (a) and (f) but alleges they are immaterial. It denies the allegations of (b), (c) and (d) but states further that they are irrelevant and immaterial. Allegations (e) to (k) inclusive are likewise stated to be immaterial to the issue presented for the reason that they are concerned solely with the decision and order of the board dated April 5, 1938, and matters incidental thereto, which order was vacated and set aside by respondent on May 12, 1938, and is not now at issue.

■ The questions for determination, by reason of respondent's objections to the interrogatories as propounded, are: (1) Has this court jurisdiction to entertain the interrogatories presented and if so, (2) should it be exercised under the existing circumstances. It is the contention of petitioner that jurisdiction exists by reason of Rule 33 of the Federal Rules of Civil Procedure as promulgated by the Supreme Court. 28 U.S.C.A. following section 723c. It is argued by respondent that such rules can apply only to proceedings in the District Courts under the plain language of Rule 1, as well as the statute,

---

[1] "(a) Neither the Board nor any member thereof was personally present at the taking of testimony or saw or heard testify any of the witnesses called at the hearing.

"(b) Upon information and belief, neither the Board nor any member thereof read the testimony of the witnesses who testified at the hearing or read or inspected the exhibits received in evidence.

"(c) Upon information and belief, neither the Board nor any member thereof judicially weighed or appraised the evidence received at said hearing.

"(d) Upon information and belief, neither the Board nor any member thereof read any fair, impartial and complete condensation or analysis of the evidence received at the hearing.

"(e) After service of the aforesaid order of the Board transferring the proceeding to the Board, despite petitioner's motion aforesaid that it be notified as to whether or not the Board would direct the preparation of an Intermediate Report, petitioner was never (except as the same may have been done in purported further proceedings before the Board after it had vacated its first final order) advised either by the Trial Examiner or by the Board as to the procedure that would thereafter be followed, so that petitioner was thenceforward in the dark as to whether it should await service of an Intermediate Report and file exceptions thereto and a supporting brief, or ask leave to file a brief and be heard in oral argument by the Board without awaiting an Intermediate Report.

"(f) Upon information and belief, the decision and order of the Board of April 5, 1938, in substantially the form in which they were issued, were prepared by subordinates of the Board and not by the Board or any member thereof.

"(g) Upon information and belief, after the Board's order of October 11, 1937,

transferring the proceeding to and continuing it before the Board, the evidence received at the hearings before the Board's Trial Examiner was submitted to certain subordinates of the Board unknown to petitioner for the purpose of judicially weighing the evidence and formulating findings of fact, conclusions of law and order thereon.

"(h) Upon information and belief, thereafter certain subordinates of the Board unknown to petitioner prepared findings of fact, conclusions of law and order, and submitted the same to the Board, and the Board, without notice to petitioner and without affording petitioner any opportunity to object or except thereto, made said findings, conclusions and order its own, and issued the same as its findings, conclusions and order of April 5, 1938.

"(i) Upon information and belief, the Board, in making its findings of fact, conclusions of law and order of April 5, 1938, relied wholly or in part upon findings of fact, conclusions and order prepared by its subordinates and submitted to the Board as alleged in the foregoing subdivisions lettered (f), (g) and (h).

"(j) Upon information and belief, the Trial Examiner, who saw and heard the witnesses testify at the hearing, did not, prior to the Board's decision and order of April 5, 1938, prepare or submit to the Board any Intermediate Report or any proposed findings of fact or any recommendations as to findings of fact, and did not inform the Board as to his opinion or belief as to the weight to be attached to the testimony of the witnesses who testified at the hearing.

"(k) Upon information and belief, the findings of fact contained in the Board's decision of April 5, 1938, were not its findings and were not formulated by it upon the evidence but were the findings of its subordinates, who had no authority to make findings under the Act."

28 U.S.C.A. § 723b, which authorizes their adoption.

In National Labor Relations Board **v.** Cherry Cotton Mills, 5 Cir., 98 F.2d 444, the court considered precisely the same question and found in favor of jurisdiction. In 98 F.2d on page 447 it said:

"We hold that interrogatories for discovery, by analogy to Equity Rule 58 [28 U.S.C.A. following section 723], may be addressed to the opposite party in such an enquiry. That this is substantially a case in equity is apparent from the references in the statute to injunctions and restraining orders and to the language in Sect. 10(h), 29 U.S.C.A. § 160(h): 'When granting appropriate temporary relief or a restraining order, or making and entering a decree * * * as provided in this section, the jurisdiction of courts sitting in equity shall not be limited by sections 101 to 115 of this title.' It must also be remembered that District Courts as well as Circuit Courts of Appeal may act under the provisions of the Section. The Circuit Courts may very well, since they sit as courts of equity, act under the equity rules prescribed for the District Courts, rather than go back to the English equity practice. This holding will apply also to the taking of depositions."

We agree with the conclusion there reached and this, irrespective of the applicability of Rule 33, as we entertain no doubt of the inherent power of the court in this respect. Cupples Company Manufacturers v. National Labor Relations Board, decided May 18, 1939, 8 Cir., 103 F.2d 953. The court in National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 47, 57 S.Ct. 615, 629, 81 L.Ed. 893, 108 A.L.R. 1352, said: "The act establishes standards to which the Board must conform. There must be complaint, notice and hearing. The Board must receive evidence and make findings. The findings as to the facts are to be conclusive, but only if supported by evidence. The order of the Board is subject to review by the designated court, and only when sustained by the court may the order be enforced. Upon that review all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right or statutory authority are open to examination by the court."

Again in Ford Motor Company v. Labor Board, 305 U.S. 364, 373, 59 S.Ct. 301, 307, 83 L.Ed. 221, it said: "The jurisdiction to review the orders of the Labor Relations Board is vested in a court with equity powers, and while the court must act within the bounds of the statute and without intruding upon the administrative province, it may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action."

In view of the language in the Jones case "upon that review * * * all questions of constitutional right or statutory authority are open to examination by the court," and in the Ford Motor Company case, "may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action," we think it must follow that a court thus empowered is vested with jurisdiction to entertain interrogatories such as are here involved.

Having thus found in favor of jurisdiction, we must decide if the record is such as to require their answer. At this point it is important to note that a good portion of petitioner's argument is directed at the proceedings had prior to and which led up to the decision and order of the Board of April 5, 1938. While this argument is consistent with allegations (e) to (k), inclusive, of Paragraph 22 (5) of the petition (footnote 1), directed solely at the Board's decision of April 5, 1938, and the proceedings had prior thereto, we must concede our inability to comprehend either the force or logic of the position thus sought to be maintained. As heretofore stated, respondent, on May 12, 1938, set aside its findings and orders of April 5, 1938, for the purpose of further proceedings. The proceeding then pending in this court was dismissed. Thus respondent's order of April 5th became a nullity and neither it nor the proceedings had prior thereto can be regarded as determinative of the legality of the second decision entered November 12, 1938.

The court, in Ford Motor Company v. Labor Board, supra, was in many respects, dealing with a similar situation. There, as here, the Board, after the decision in Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129, obtained leave to withdraw its petition for enforcement. The Board represented at the time that it was its purpose to set aside its order and issue proposed findings with permission to the parties to file exceptions and

present argument, and thereafter makes its decision and order. The court granted the Board's motion as requested, and the Board proceeded in conformity with its expressed purpose. The court discusses (305 U. S. page 374, 59 S.Ct. 301, 83 L.Ed. 221) the appropriate procedure, as well as its effect. In 305 U.S. on page 375, 59 S.Ct. on page 308, 83 L.Ed. 221, it is said:

"There is nothing in the statute, or in the principles governing judicial review of administrative action, which precludes the court from giving an administrative body an opportunity to meet objections to its order by correcting irregularities in procedure, or supplying deficiencies in its record, or making additional findings where these are necessary, or supplying findings validly made in the place of those attacked as invalid. The application for remand in this instance was not on frivolous grounds or for any purpose that might be considered dilatory or vexatious. Petitioner had raised a serious question as to the validity of the findings and order. The Board properly recognized the gravity of the contention and sought to meet it by voluntarily doing what the court could have compelled."

▪ It therefore seems plain that when the first order was set aside, the Board was free to conduct such further procedure as it might deem appropriate, and that it could properly predicate its findings and final order upon the entire record in the matter. We, therefore, have no difficulty in concluding that such interrogatories as pertain to the Board's order of April 5, 1938, are irrelevant and immaterial, answers to which could serve no useful purpose. While it is not plain that the remaining allegations of Paragraph 22 (5) of the petition, to-wit: (a) to (d) inclusive, are directed at the proceedings culminating in the Board's order of November 12, 1938, we shall, for the purpose of determining their relevancy, so assume.

▪ In determining whether these allegations are such as to require an answer to the interrogatories submitted in their support, we must look at the proceeding from the time of its inception. That the petitioner was, by complaint, duly advised of the charge preferred, is conceded. Extensive hearings before a Trial Examiner were had thereon. Without a report of such examiner and apparently without argument, the Board adopted its findings and conclusions and asked the court for the enforcement of its order. Evidently, in view of the decision in Morgan v. United States, supra, the Board concluded that further proceedings should be had. Consequently, its order was vacated. Apparently this procedure was followed in other cases and approved in Re National Labor Relations Board, 304 U.S. 486, 489, 58 S.Ct. 1001, 82 L.Ed. 1482. Subsequently, proposed findings of fact, proposed conclusions of law and a proposed order were served upon the petitioner and the Independent Union. Thus the parties were advised in detail, both in law and in fact, as to respondent's position. Exceptions were filed thereto and briefs submitted in connection therewith. Oral argument was had before the Board, participated in by counsel for petitioner, for the Independent Union and the S. W. O. C.

Petitioner relies almost entirely upon Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (referred to as the first Morgan case), Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129 (referred to as the second Morgan case) and National Labor Relations Board v. Cherry Cotton Mills, 5 Cir., 98 F.2d 444, in support of its contention that it was denied its constitutional right to a hearing before the Board. We have heretofore referred to these cases as authority in support of jurisdiction. And while petitioner points out language, apparently favorable to the contention that it is entitled to an answer to the interrogatories, yet a study of them convinces us they are distinguishable from the instant case. For instance, in the first Morgan case, there was no complaint or other document to advise the petitioner of the Government's claims against it. There were no proposed findings, proposed conclusions or proposed order to which exceptions could be filed. In fact, the petitioner there was never, during the course of the proceedings, advised as to the charges he was called upon to meet. In addition, the oral argument was had before the acting Secretary of Agriculture rather than before the secretary who issued the order. Thus the situation before the court was so strikingly different from what it is here that we do not think the decision is persuasive, much less controlling. In the second Morgan case, the court was again presented with the question as to whether the petitioner had been allowed the hearing re-

quired by the statute. After having reviewed the testimony of the secretary with respect to his consideration of the evidence, the court, 304 U.S. on page 18, 58 S.Ct. on page 776, 82 L.Ed. 1129, said:

"In the light of this testimony there is no occasion to discuss the extent to which the Secretary examined the evidence, and we agree with the Government's contention that it was not the function of the court to probe the mental processes of the Secretary in reaching his conclusions if he gave the hearing which the law required. The Secretary read the summary presented by appellants' briefs and he conferred with his subordinates who had sifted and analyzed the evidence. We assume that the Secretary sufficiently understood its purport."

The court then devoted the balance of its opinion to a consideration of whether the appellants had been sufficiently advised of the proposals of the Secretary in the proceeding before him and held that they had not. It was upon this ground the cause was reversed. There is no such question here involved, as petitioner admits it was sufficiently advised as to the issues. It will be noted that the Labor Act was not involved in either of the Morgan cases so the only case in which the Board has been required to answer interrogatories is that of National Labor Relations Board v. Cherry Cotton Mills, supra. There, the outstanding circumstance which distinguishes it from the present case is that the company was not furnished with any proposed findings or conclusions in advance of the entry of the final order. The court 98 F.2d on page 446 made this significant statement: "We do not understand that it is indispensable that the Board members shall have heard the evidence delivered or shall have read it all. Their case is much like that of a busy chancellor. If the evidence has been taken, and the opposing parties appear and argue the case fully, so that the disputes of fact are clearly defined, there is need to read and consider only the evidence bearing on the disputes, other facts being taken as the parties concede them. Where only one side argues, or when neither does, the responsibility of the trior is broader."

In the case at bar, petitioner, as has been stated, was furnished with the proposed findings, conclusions and order, and excepted thereto. Oral argument was had before the Board and written briefs submitted. It is said the Board did not participate in this argument, but it is not to be overlooked that those occupying antagonistic positions were heard. On the one hand was petitioner and the Independent Union and on the other was the S. W. O. C. Thus it appears that the Board had the benefit of argument by those opposed to, as well as those favorable to the proposed findings, conclusions and order.

In National Labor Relations Board v. Biles-Coleman Lumber Company, 9 Cir., 98 F.2d 16, the court considered allegations regarding a lack of due process very similar to the allegations in the instant case and held they were not sufficient. Again, in Cupples Company Manufacturers, a Corporation v. National Labor Relations Board, 8 Cir., 103 F.2d 953, 958, decided May 18, 1939, the court considered allegations with reference to a lack of due process more favorable, in our opinion, to the petitioner than in the instant case and likewise held they were not sufficient. The court, after reviewing the Morgan cases, concludes: "Presuming, as we must, that petitioner's brief was considered, and since the Board has the right to rely upon information of its subordinates as to the evidence submitted, the allegation that the members of the Board did not consider the evidence in arriving at the decision, is, we think, insufficient to justify the court in granting the relief asked. National Labor Relations Board v. Biles-Coleman Lumber Co., supra."

Certainly, it is not essential that the Board or any member thereof be personally present and hear the testimony of the witnesses. The Act expressly makes provision for the taking of testimony otherwise. Neither do we think it can be said as a matter of law that it is incumbent upon the Board or any member thereof to read the testimony or exhibits received in evidence. The requirements in this respect must depend upon the circumstances of each case. Here, the Board heard oral argument by opposing forces and received briefs in support of their respective positions. We think it may be concluded that the Board thus acquired a knowledge of the facts relevant to the issues in dispute which might well have dispensed with the necessity for a reading of the testimony. Especially is this conclusion tenable in connection with the presumption of regularity which must be accorded the acts of the Board, as well as

all Government officials;[2] and in addition, allegations (c) and (d) to the effect that neither the Board nor any member judicially weighed or appraised the evidence, nor read any fair, impartial and complete condensation or analysis of the same, are not allegations of fact but mere conclusions. National Labor Relations Board v. Biles-Coleman Lumber Company, supra.

Inasmuch as we are of the opinion that the affirmative allegations fail to state facts disclosing a denial of due process, the objections filed by the respondent to the interrogatories as propounded are sustained and it is ordered that such interrogatories be stricken from the record.

TREANOR, Circuit Judge (concurring).

I concur in the result reached by the majority of the Court. Also I agree that the affirmative allegations fail to state facts disclosing a denial of due process, and I agree that such deficiency affords sufficient reason for the sustaining of respondent's objections to the propounded interrogatories. But I am of the further opinion that this Court is without authority to require the National Labor Relations Board to answer interrogatories. By statute this Court has power to review the National Labor Relation Board's proceedings and to make a decree enforcing, modifying or setting aside the Board's order. But the proceeding in this Court is upon the pleadings, testimony and proceedings set forth in the transcript which is certified by the Board. I do not believe that rule 33 of the Federal Rules of Procedure as promulgated by the Supreme Court applies, either directly or by analogy, to the National Labor Relations Board in a proceeding in this Court to review a proceeding of the Board.

The National Labor Relations Board is an administrative tribunal functioning as an agency of government under Congressional authority. The statute creating the Board and defining its powers and duties defines the scope of review of its decisions. The nature and scope of its powers and duties do not require the National Labor Relations Board to come before a reviewing court as an adversary or opposing party. The reviewing courts test the decisions of the Board on the basis of the pleadings, testimony and proceedings set forth in the transcript, and have no special inquisitorial powers over the official conduct of the members of the Board. It is true that the Supreme Court of the United States has declared that "all questions of the jurisdiction of the Board and the regularity of its proceedings, all questions of constitutional right of statutory authority are open to examination by the court" (Jones & Laughlin case), and that the court "may adjust its relief to the exigencies of the case in accordance with the equitable principles governing judicial action" (Ford Motor Co. case). But it does not seem to me to follow from the foregoing statements that this Court is vested with jurisdiction to entertain interrogatories addressed to the National Labor Relations Board. The foregoing statements of the Supreme Court apply as well to the power of this Court when it is reviewing proceedings of the District Court; but it does not follow that this Court can entertain interrogatories addressed to the District Court and require the District Court to answer.

In the first Morgan case (Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 910, 80 L.Ed. 1288) the Supreme Court held that it was error for the District Court to strike out allegations of the bill of complaint in respect to the procedure followed by the Secretary of Agriculture. The suit in that case was to enjoin the enforcement of an order of the Secretary of Agriculture and had been brought in a three judge District Court, 8 F.Supp. 766, in accordance with statutory provisions which made all laws relating to the "suspending or restraining the enforcement" or the "setting aside" of the orders of the Interstate Commerce Commission applicable to the "jurisdiction, powers, and duties of the Secretary" in enforcing the provisions of the Packers and Stockyards Act, 7 U.S.C.A. § 181 et seq. The District Court struck out certain allegations of the bill of complaint with respect to the Secretary's alleged failure to conform his action to the standards of fair hearing. Upon appeal to the Supreme Court from the judgment of the District Court the Supreme Court held that the District Court

---

[2] United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 15, 47 S.Ct. 1, 71 L.Ed. 131; Stearns Co. v. United States, 291 U.S. 54, 63, 54 S.Ct. 325,

78 L.Ed. 647; Klamath and Moadoc Tribes of Indians v. United States, 296 U.S. 244, 253, 56 S.Ct. 212, 80 L.Ed. 202.

erred in striking out the allegations, the Court stating that the "defendant should be required to answer these allegations, and the question whether plaintiffs had a proper hearing should be determined."

The nature of the hearing in the Morgan case before the three judge District Court permitted the raising of an issue of fact respecting the procedure adopted by the Secretary of Agriculture. The Packers and Stockyards Act provides generally for a "full hearing" with no specific requirements as to procedure; and, consequently, there is no presumption that any particular course of procedure is followed by the Secretary of Agriculture. It would be a question of fact what course of procedure has been adopted in a particular proceeding, although, assuming a particular course of conduct in a hearing, it would be a question of law whether such conduct constitutes a "fair hearing." In a suit to enjoin the enforcement of a rate order of the Secretary of Agriculture on the ground of denial of a "fair hearing" the District Court must be made cognizant of the procedure actually followed, and that requires a fact determination in the suit to enjoin, unaided by any presumption of law or fact.

The proceeding in the Circuit Court of Appeals to review the action of the National Labor Relations Board does not include a hearing on issues of fact. The National Labor Relations Board, no less than the Secretary of Agriculture, is under a legal duty to conform to the standards of a "fair hearing" in the conduct of its proceedings; but in view of the procedural provisions of the National Labor Relations Act, both in respect to the hearing by the Board and to the review by the Circuit Court of Appeals, it is my opinion that the Circuit Court of Appeals must determine the question of fair hearing from the transcript of the pleadings, testimony and proceedings which is certified by the Board, and cannot compel the Board, or its members, to testify respecting their conduct of the hearing, by requiring them to answer interrogatories. The National Labor Relations Act provides adequate procedural safeguards, and when the transcript, certified by the Board, shows that the proceedings have been conducted in accordance with the provisions of the statute, the Circuit Court of Appeals must presume, in the absence of anything in the record to the contrary, that there has been

a "fair hearing," that the Board's conclusion is based upon a consideration of "all the testimony taken," and that the findings stated by the Board are its findings.

Obviously, one who is seeking a review of a decision of the National Labor Relations Board is entitled to have the certified transcript accurately reflect the hearing; and the reviewing court, upon a proper showing and when timely requested, is not without power, in aid of its own jurisdiction, to require the Board to correct any inaccuracies in the transcript and supply any material omissions. A review of a decision of the National Labor Relations Board cannot meet the requirements of judicial hearing unless the reviewing court has before it an accurate report of all material proceedings before the Board or unless the review takes the form of a de novo hearing, and it seems clear that the latter is not contemplated by the National Labor Relations Act.