## NATIONAL LABOR RELATIONS BOARD v. LANE COTTON MILLS CO.

### No. 9071.

Circuit Court of Appeals, Fifth Circuit.

Jan. 5, 1940.

Charles Fahy, General Counsel, National Labor Relations Board, Robert B. Watts, Associate General Counsel, National Labor Relations Board, and H. G. Ingraham, Attorney, National Labor Relations Board, all of Washington, D. C., for petitioner.

Alfred C. Kammer, Charles Rosen, Henry P. Dart, Jr., and Alfred C. Kammer, all of New Orleans, La., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This matter was heard on the objections of the petitioner to interrogatories filed by respondent with its answer to a petition to enforce an order of the National Labor Relations Board.

On March 24, 1939, the National Labor Relations Board filed its order rendered against the Lane Cotton Mills Company in proceedings had before the Board prior thereto. Respondent filed its answer to this petition, alleging as facts certain matters which it contended rendered the order illegal and invalid, and that it wished to establish these facts by the testimony of the members of the Board. The answer alleged that the order was entered without the full and fair hearing to which respondent was entitled; that, on the hearing, the evidence was taken before a trial examiner, and that thereafter the Board ordered the proceeding transferred to itself without any intermediate report, proposed findings, or conclusions to which exceptions could be taken; that, without serving upon respondent any intermediate report, proposed findings, or conclusions, and without affording respondent any opportunity to file a brief, make oral arguments, or to be heard in any manner, the Board issued its findings of fact and conclusions of law, and rendered its order thereon on June 13, 1938; and that, on July 2, 1938, respondent filed its petition in this court seeking review of the proceedings.

It appears that, after these proceedings were had as alleged by respondent, the Board set aside its order of June 13, 1938, and the petition for review was dismissed. Thereafter, without notice, the Board issued its proposed findings, conclusions, and order, which were identical with those made and rendered on June 13, 1938, and entered an order allowing respondent to file exceptions thereto and to request oral argument and permission to file briefs. Exceptions were filed, and, pursuant to requests and notices, oral arguments were had and briefs were filed by respondent. No one appeared in support of the proposed decision and order, and respondent was not served with a copy of any brief in opposition to the one filed by it.

On November 19, 1938, the Board made its final decision, which it now seeks to enforce. It is substantially the same as that rendered on June 13, 1938. Respondent alleges in its answer that neither the Board nor any member thereof saw or heard the witnesses; that the Board did not read or give judicial consideration to the evidence; that the only consideration given to the record and evidence was that given by subordinate employees; that the decision was made and prepared by said employees, known as the reviewing section, and not by any member of the Board; and that, therefore, there had been no valid findings, conclusions, decision, or order rendered in the proceeding. Respondent now contends that petitioner did not review the evidence and form its own conclusions therefrom, but relied entirely upon the report and findings of its subordinates, when entering the order of June 13th, and that at no time thereafter did it actually consider the matter on the record, arguments, and brief, but that the subsequent proceedings were had as a mere matter of form to cure what petitioner conceded to be a fatal defect in the proceeding, and that the order now before the court is, in reality, the order of June 13th.

With its answer to the petition for enforcement of the order, respondent filed its interrogatories. In so far as they are material here, these interrogatories seek to establish, by the depositions of the Board members, the allegations outlined above as having been made in respondent's answer. In answer to petitioner's objections, respondent places its principal reliance on the decision of this court in the case of National Labor Relations Board v. Cherry Cotton Mills, 5 Cir., 98 F.2d 444, 447. Petitioner contends that the case at bar is distinguishable from the Cherry Cotton Mills case, and that, if it is not, the former opinion of this court is not in harmony with the other cases on the subject.[1]

On subsequent unreported proceedings before this court in the Cherry Cotton Mills case, the Board was allowed to dismiss without prejudice to further proceedings before it. No further judicial action has been taken, so that, as the matter now stands, there is no expression from this court as to the legal effect of any answers that might have been given to the interrogatories allowed. In that case, no proposed findings of fact, conclusions of law, decision, or order were served upon the Mills, as in the case now before the court. No arguments were heard, either before the trial examiner or the Board, and no interim report was furnished. In that case, this court said: "Under all the circumstances, among which is an admission in argument that the Board has made use of a Review Division composed of employees, we are of opinion that the method of making this order ought to be inquired of by this court before undertaking to enforce it." Cf. Morgan v. United States, 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129.

There was every reason to inquire into the manner of making the order, since, as said by this court, "the very fact that the Board's findings of fact are to be generally conclusive but makes it more necessary that they be made with fairness and according to the safeguards established by law. It is probably true that jurisdictional facts are subject to judicial review though found by the Board * * *. We are very confident that the Court ought not to enforce pretended findings of the Board which are not really such." Thus, on the authority of Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, this court, in effect, said that jurisdiction to hear and decide the matter was vested in the Board, and that a reviewing section, or any other instrumentality that might be established, could not exercise this jurisdiction in the absence of an opportunity for the parties affected to be heard. Thereupon, the Board dismissed its petition; but the decision did not deny to the Board access to its reviewing section, or to any other agency that might aid and assist the Board itself in the proper decision of any matter submitted to it. The opinion further states: "Their [the Board's] case is much like that of a busy chancellor. If the evidence has been taken, and the opposing parties appear and argue the case fully, so that the disputes of fact are clear-

[1] National Labor Relations Board v. Biles-Coleman Lumber Co., 9 Cir., 98 F. 2d 16; Ford Motor Co. v. National Labor Relations Board, 6 Cir., 99 F.2d 1003; National Labor Relations Board v. Louisville Refining Co., 6 Cir., 102 F. 2d 678; Cupples Company Manufacturers v. National Labor Relations Board, 8 Cir., 103 F.2d 953; Inland Steel Co. v. National Labor Relations Board, 7 Cir., 105 F.2d 246; National Labor Relations Board v. Botany Worsted Mills, 3 Cir., 106 F.2d 263.

ly defined, there is need to read and consider only the evidence bearing on the disputes, other facts being taken as the parties concede them. * * * The Board, perhaps, may seek assistance similar to that afforded by a Master to a Chancellor, though the statute does not plainly say so * * *. If great reliance is to be placed on their conclusions and recommendations, opportunity for argument before them, or upon their recommendations, ought to be afforded the parties, after the analogy of proceedings before Masters."

In the present case, it is clear that the proposed findings, conclusions, decision, and order came either from the reviewing section or from the Board itself. In either case, respondent was afforded an opportunity to appear before the Board and present oral arguments, as well as to file briefs. The final order was that of the Board itself. Under our former decision, we may inquire as to the source of an order that purports to come from the Board, where the record discloses no evidence that it did, and the circumstances indicate that it did not; but where, as here, there have been oral arguments and briefs before the Board, and it appears that the case was withdrawn from this court in order that the Board might act, there is no circumstance which would warrant our going behind the recitation of the order that it is made upon a consideration of the entire record in the proceeding.

Neither should this court, on the showing made, inquire whether or not the Board actually considered the record, or relevant facts thereof, or merely conducted its hearing to supply colorable compliance with the law to support the action of its reviewing section. The purpose of the proposed inquiry is to ascertain whether or not the requirements of due process have been met. Respondent was given the requisite notices at the various stages of the proceedings, it was afforded opportunities to appear, present testimony and be heard, and the order is not self-executing but becomes operative only after an appeal to this court. In this court, if it appears that the procedural requisites have been complied with, and a full hearing has been granted by the Board itself, the order of the Board must stand or fall upon the record from which it emanates. The Cherry Cotton Mills case, supra, is not contrary to our present view that, in the absence of a prima facie showing of an unfair hearing, or no hearing, by the Board, we should decide the case upon the record as made and certified to us.

For the reasons given, we conclude that the objections to the interrogatories should be sustained, that the order requiring answers should be vacated, and that the rule requiring the Board to show cause should be discharged. It is so ordered.